IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **HARRIS RESEARCH, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**RAY PERRINE, JEFF LYDON, LISA SMITH, and JOHN DOES I-X,**<br><br>    Defendants.<br><hr>**JEFF LYDON and LISA SMITH,**<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>**HARRIS RESEARCH, INC.,**<br><br>    Counterclaim Defendant. | **ORDER**<br><br>Case No. 1:05CV136 DAK |

  This case is before the court on (1) Plaintiff's Motion for Order to Show Cause and for Determination of Willful Infringement, (2) Defendant Jeff Lydon's Motion to Set Aside Judgment and Permanent Injunction , and (3) Defendant Lisa Smith's Motion to Set Aside Judgment and Permanent Injunction.  The court held a hearing on these motions on October 4, 2007.   At the hearing, Plaintiff was represented by Shaun Peck and Wayne Caldwell.  The Defendants, who represent themselves, requested to appear at the hearing via telephone, which the court permitted.  Having considered the arguments set forth during the hearing on the motions and in the papers submitted by the parties, and having further considered the facts and

the law, the court renders the following Order.

Because the Defendants, who apparently have no corporate entity for their business, have elected to represent themselves in this complicated patent infringement case, this case has posed a significant dilemma for the court. Earlier in this case, Defendants failed to respond to a Motion for Summary Judgment, which was eventually granted. Subsequently, Defendants inadequately responded to a Motion for a Permanent Injunction, and that motion was also granted. Thus, due to their actions in allegedly infringing Plaintiff's patents and/or their alleged inability to afford counsel or to adequately represent themselves, Defendants are, from all appearances, in jeopardy of losing their business. It is unclear whether Defendants understand the significance of the court's previous Orders, but the court cannot permit Defendants to flout its Orders based on their alleged poverty or ignorance of the legal system.

Specifically, in this case, Plaintiff argues that Defendants have infringed many of Plaintiff's patents–and that they have continued to do so even after having a Permanent Injunction entered against them. Through its various filings and arguments, Plaintiff has implied that Defendants have exploited their "pro se" status and their alleged inability to afford legal representation, and that they have essentially manipulated the system to get away with patent infringement. Defendants, on the other hand, who claim to be a small "mom and pop shop," have portrayed Plaintiff as a well-heeled company that is unfairly exploiting competitors who are not financially able to mount a legal battle against Plaintiff.

Unfortunately, this court has no way of determining where the truth lies. What is clear is that Defendants have ignored the Permanent Injunction entered against them. Although they have moved for reconsideration of that Injunction, they have failed to submit evidence from

which this court could conclude that it erred in granting the Injunction. Defendants have pointed out that Plaintiff has sued other small businesses for allegedly infringing Plaintiff's patents and that the other businesses have mounted defenses, such as invalidity of the patents, etc., but Defendants have not provided the facts that this court would need to evaluate such defenses. Thus, the Defendants essentially ask the court to take mercy on them due to their alleged poverty.

The court's function, however, is not to launch an investigation into the defenses of pro se litigants or to ignore the law–or its own Orders–when litigants claim that they cannot afford an attorney. On the other hand, the court is reluctant to impose draconian sanctions on pro se litigants who claim to have meritorious defenses but who cannot articulate those defenses in a meaningful way due to their alleged inability to afford legal representation. Unfortunately, there is no easy solution in this type of situation.

Having read the parties' submissions and considered their oral arguments, the court declines to set aside the Permanent Injunction and finds that Defendants have violated the Injunction. While Plaintiffs seek damages and attorney's fees in this case, which the court assumes would amount to many tens of thousands of dollars, the court, at this point, will sanction Defendants only $1,000 each. Thus, the court is essentially providing Defendants with one more chance to comply with the Permanent Injunction. Defendants are admonished, however, that any further violations after notice of this Order, will leave the court with no alternative but to impose sanctions that will certainly be catastrophic to Defendants if their financial situation is as bleak as they claim.

If Defendants genuinely believe that their products do not infringe Plaintiff's patents, they have several options available to them. But all of these options involve some expense–although

certainly less than the sanctions that will be imposed if they continue to flout the court's Orders. First, Defendants are urged to obtain patent counsel who could provide at least some limited representation. In addition, because Defendants have claimed that Plaintiff has never even looked at Defendants' actual products, Defendants could initiate (at their expense) a face-to-face meeting with Plaintiff (and Plaintiff's counsel) to review each product at issue. The court would hope that Plaintiff, in good faith, would stipulate to modifying the Injunction if Plaintiff determines that certain products listed in the Injunction did not actually infringe its patents.

In addition–or alternatively–Defendants could file a motion with the court to appoint a special master who has a specialty in patent law. Of course, Defendants would have to share with Plaintiff the cost of appointing a special master. This individual could conduct an evidentiary hearing and make findings regarding whether the Permanent Injunction is overly broad or whether any of Defendant's claimed defenses have merit. The special master could then make recommendations to the court as to whether the Injunction should be modified.

Another option would be for Defendants to file a motion requesting that the court refer the case to the court's mediation program. The court would then request that a mediator sit down with the parties to determine whether any modifications should be made to the Injunction. This option, however, would likely be futile without Defendants having legal representation.

The court notes, however, that unless and until the court makes a modification to the Injunction, Defendants must comply with it–or else risk the imposition of severe sanctions and attorney's fees, especially in light of the fact that, through this Order, the court has given Defendants a second chance to comply.

To the extent Plaintiff might wonder what incentive it has to participate in such

proceedings (if Defendants seek to take further action) when it has a Permanent Injunction in hand, the court notes that it will be reluctant to award any sanctions or attorney's fees to Plaintiff for any violations of the Injunction if Plaintiff has not cooperated with any efforts made by Defendants. For example, if Defendants can demonstrate (with actual evidence) that (1) they have attempted to proceed with any of the above-listed options and have agreed to incur the costs associated with that option, and (2) Plaintiff has been unwilling to participate, then the court will be reluctant to award sanctions for any alleged violations of the Injunction after Plaintiff failed cooperate. It bears repeating, though, that the court will not hesitate to impose sanctions against Defendants for further violations of the Injunction, barring evidence of (1) Defendants' reasonable attempts to resolve the dispute, including being willing to incur the related expenses; and (2) Plaintiff's failure to cooperate.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Order to Show Cause and for Determination of Willful Infringement [docket # 61] is GRANTED in part and DENIED in part. Defendants are each ordered to pay to Plaintiff $1,000 (for a total of $2,000) by no later than Friday, March 7, 2008. Failure to pay these sanctions by March 7, 2008 will result in further sanctions being awarded. In addition, Defendant Jeff Lydon's Motion to Set Aside [docket # 73] and Defendant Lisa Smith's Motion to Set Aside [docket # 74] are DENIED. Further instructions as to various alternatives available to Defendants are set forth above.

DATED this 4th day of February, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge