**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| **HARRIS RESEARCH INC.**<br><br>Plaintiff,<br><br>v.<br><br>**RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES I-X,**<br><br>Defendants. | **<u>MEMORANDUM DECISION</u><br><u>AND ORDER</u>**<br>  **GRANTING MOTION TO FILE**<br>  **OVERLENGTH MEMORANDUM**<br>   **and**<br>  **DENYING MOTIONS FOR**<br>  **PROTECTIVE ORDER**<br><br>**and**<br><br>**<u>REPORT AND</u><br><u>RECOMMENDATION</u>**<br><br>Case Number: 1:05 CV 136 DAK<br>District Judge: Dale A. Kimball<br>Magistrate Judge: David Nuffer |

**Introduction**

This case is before the court on several motions, all relating to the post-judgment management of the case.   The case is unfortunately typical of the disaster that may ensue for all parties when legal counsel for one party is lacking.   Cases are unnecessarily complicated by the *absence* of lawyers, in contrast to the common perception that lawyers *cause* complications.  One must wonder why people seem to find the medical help they need in complex situations threatening their lives, but do not make similarly extraordinary effort to find legal help when their livelihood is threatened.

Plaintiff has a judgment that products manufactured, used or sold by Defendants Smith and Lydon infringe on Plaintiff's patents.[1]  Plaintiff also obtained an injunction, and is seeking to

---

[1] Judgment in a Civil Case, docket no. 51, filed February 9, 2007; Memorandum of Points and Authorities in Support of Harris Research's Motion for Summary Judgment at 2, docket no. 37, filed October 11, 2006.

review Defendants' compliance with the injunction.  Defendants have filed motions seeking a special master and relief from the judgment and injunction.

This order and report will dispose of some of the motions by order and recommend disposition of other motions to the district judge who will enter other orders, after appropriate time for objection and any reconsideration by the district judge.  The case is referred to the magistrate judge under 28 U.S.C. 636 (b)(1)(B).

## CASE HISTORY

This case was filed in November 2005.[2]  Defendants Smith and Lydon, now the remaining defendants in the case, answered through counsel in late December 2005.[3]  Their California counsel withdrew in July 2006.[4]

### Summary Judgment and Injunction – Fall 2006 and Winter 2007

In October 2006 Plaintiff filed for summary judgment.[5]  Immediately, Defendants' Utah attorney moved to withdraw.[6]  The motion was promptly granted,[7] and Defendants moved for appointment of counsel.[8]  Simultaneously with their motion for appointment of counsel, Defendants moved to delay the time for their response to the summary judgment motion to January 2007.[9]  Over Plaintiff's objection, the delay was granted, but the motion to appoint counsel was denied.[10]  The court stated "Defendants have provided nothing to the court to

---

[2] Docket no. 1, filed November 3, 2005.

[3] Answer and Counterclaim . . . , docket no 5, filed December 29, 2005.

[4] Ex Parte Motion to Withdraw . . . , docket no. 29, filed July 19, 2006 and Order on Ex Parte Motion . . . , docket no. 30, Filed July 20, 2006.

[5] Plaintiff Harris Research's Motion for Summary Judgment . . . , docket no. 36, filed October 11, 2006.

[6] Motion to Withdraw  . . . , docket no. 39, filed October 12, 2006.

[7] Order on Motion to Withdraw . . . , docket no. 41, filed October 16, 2006.

[8] Motions for Appointment of Counsel, docket no. 42 and docket no. 43, filed November 3, 2006.

[9] Motions to Delay Summary Judgement [sic] . . . , docket no. 44 and docket no. 45, filed November 3, 2006.

[10] Order, docket no. 47, filed December 19, 2006.

demonstrate that they are indigent, nor have they demonstrated that they are incapacitated or otherwise unable to adequately defend . . . ."[11]

After that order, the next docket entry is the court's order granting the summary judgment motion, entered nearly a month after the deadline for Defendants' response.  Defendants made no response to the motion for summary judgment, timely or otherwise.  The court found "that the GreenGlides products literally infringe" Plaintiff's patents.[12]  The GreenGlides had been defined in the motion for summary judgment papers as all products on the Defendants' price list attached to the memorandum as an exhibit which are manufactured from Teflon rod.[13]

Shortly after the summary judgment order was filed, Plaintiff moved for a permanent injunction and to lift an order barring Plaintiff from contacting Defendants' distributors and customers.[14]  Nearly a month later, after no response (or request for extension) from Defendants, the court entered Findings of Facts, Conclusions of Law and Order Granting Permanent Injunction.[15]  The injunction prohibited Defendants from manufacturing, using, or importing any infringing products, and also barred inducement of others to infringe or engaging in contributory acts of infringement.[16]  Defendants were ordered to make every reasonable effort to retrieve

---

[11] *Id.* at 2.

[12] Order, docket no. 48, filed February 8, 2007.

[13] Memorandum of Points and Authorities in Support Harris Research's Motion for Summary Judgment at 2, docket no. 37, filed October 11, 2006.  The price list exhibit is not in the CM/ECF record as it was not scanned.  *See* docket entry 37.  The list is, however, in the CM/ECF record attached to the Memorandum of Points and Authorities in Support of Harris Research's Motion for Permanent Injunction, docket no. 54, filed February 22, 2007.

[14] Plaintiff Harris Research's Motion for Permanent Injunction against Defendants Jeff Lydon and Lisa Smith, docket no. 52, filed February 22, 2007.

[15] Docket no. 56, filed March 20, 2007.

[16] *Id.* at 4.

infringing products and deliver them to Plaintiffs.[17]  The order also permitted Plaintiffs to

contact Defendants' distributors and customers.[18]

### Defendants Seek Relief– Spring 2007

Suddenly, after four and one half months of silence extending throughout the time the

merits of the case were adjudicated, Defendants came to life.  At the end of March 2007, after

entry of judgment and the Permanent Injunction they filed a self-prepared document which

summarily:

- Asked that their customers and distributors not be contacted;
- Pointed out that they manufacture and distribute many products under the GreenGlide name which are not part of this dispute;
- Claimed that medical necessity required use of these devices by some users;
- Requested an independent evaluation of all of Defendants' Teflon Wand Glides, some of which were redesigned, to show that they do not infringe on Plaintiff's patents;
- Claimed the patents were invalid;
- Raised issues about the recusal of the district judge in other cases involving this Plaintiff;
- Claimed that Defendants were unaware of the date on which their summary judgment reply was due "because there was no date to file in the order;"
- Pointed out that they were without legal expertise; and
- Asked that "the case be reopened and/or appealed."[19]

Plaintiff responded that the order granting the extension to respond to the summary

judgment motion indeed contained a deadline date, which was the same date Defendants had

requested in their motion.[20]  Also, Plaintiff argued the merits of Defendants' letter as if it were a

motion under Rule 60.[21]

---

[17] *Id.* at 4-5.

[18] *Id.* at 5.

[19] Untitled document, lodged as a letter on March 29, 2007.

[20] Memorandum in Opposition to Relief Requested by Defendants Jeff Lydon and Lisa Smith at 3, docket no. 58, filed April 12, 2007.

[21] *Id.* at 3-5.

**Plaintiff's Enforcement Efforts**

Plaintiff also filed a motion for an order to show cause to determine compliance with the judgment and injunction.[22]  Plaintiff filed an affidavit alleging that Defendants' web site continued to offer infringing products,[23] and alleged separately that Defendants failed to retrieve infringing products from their distributors.[24]

Defendants then amplified their skeletal "letter" sent in late March, asking for similar relief.[25]  They stated they were in the process of retaining counsel[26] and reserved the right to submit additional information with the advice of counsel.[27]  They also, in a separate response to the motion for order to show cause,[28] stated that they converted their products to a different use,[29] stopped selling their products pending their request to re-open the case,[30] and no longer used the products.[31]  They also said they had no way to retrieve products they had sold,[32] and no way to take down the web site.[33]  Over three months later, they also filed motions to set aside the judgment and preliminary injunction.[34]

---

[22] Docket no. 61, filed April 30, 2007.

[23] Affidavit [of Suzanne Nelson] in Support of Order to Show Cause, attached as Exhibit A to Memorandum of Points and Authorities in Support Harris Research's Motion for Order to Show Cause . . . , docket no. 62, filed April 30, 2007.

[24] Memorandum of Points and Authorities in Support Harris Research's Motion for Order to Show Cause . . . at 2.

[25] Answer to the Response of Harris Research, Inc.'s Attorneys to Jeff Lydon and Lisa Smith's (GreenGlides) recent plea to the court, docket no., 65, filed April 24, 2007.

[26] *Id.* at 3

[27] *Id.* at 4 (two times); 5 (three times); and 6 (twice).

[28] Defendant Jeff Lydon and Lisa Smith's Response to Plaintiff Harris Research's Motion for Order to Show Cause . . . , docket no. 68, filed June 19, 2007.

[29] *Id.* at 1.

[30] *Id.*

[31] *Id.* at 2

[32] *Id.* at 3.

[33] *Id.* at 6-7.

[34] Docket no. 73 and docket no. 74, filed October 1, 2007.  In these documents, Defendants claimed that they did not receive any notices from the court since their attorneys withdrew (*id.* at 3) but the court's notices of electronic filing

### Court Order for Sanctions and Denying Relief
### from Judgment and Injunction

Plaintiff filed two affidavits from purchasers of products from Defendants' web site,[35] and the court imposed sanctions of $1,000 on each Defendant.[36]  The court also denied Defendants' attempts to attack the judgment.

> Earlier in this case, Defendants failed to respond to a Motion for Summary Judgment, which was eventually granted.  Subsequently, Defendants inadequately responded to a Motion for a Permanent Injunction, and that motion was also granted.  Thus, due to their actions in allegedly infringing Plaintiff's patents and/or their alleged inability to afford counsel or to adequately represent themselves, Defendants are, from all appearances, in jeopardy of losing their business. It is unclear whether Defendants understand the significance of the court's previous Orders, but the court cannot permit Defendants to flout its Orders based on their alleged poverty or ignorance of the legal system.[37]

The court then pointed out several avenues for Defendants, including a meeting with Plaintiff to review the disputed products; a motion for appointment of a special master to review each product; or comply with the injunction[38] and also warned Plaintiff that the court "will be reluctant to award any sanctions or attorney's fees . . .  if Plaintiff has not cooperated with any efforts made by Defendants."[39]

Thus one year after the entry of judgment and the injunction, Defendants' attempts to re-open the case were denied, and they were found to be in violation of the injunction.

---

since December 19, 2006, when Judge Kimball denied Defendants' motions for counsel, but granted an extension of time to respond to the summary judgment motion, show that Defendants were included on the notice lists.

[35] Declaration of Larry Riddle, docket no. 78, filed October 1, 2007, and Declaration of Sandy Berg, docket no. 79, filed October 2, 2007

[36] Order at 5, docket no. 82, filed February 4, 2008.

[37] *Id.* at 2.

[38] *Id.* at 3-4.

[39] *Id.* at 5.

**Defendants' Renewed Activity**

Just a few days after the court's order, defendants moved for appointment of a special master.[40]  They sought to have the special master "conduct an evidentiary hearing and making findings regarding whether the Permanent Injunction is overly broad and whether any of Defendant's claimed defenses have merit.  The Special Master could then make recommendations to the court as to whether the Injunction should be modified."[41]  Defendants stated they would "pay their share of costs associated with this appointment."[42]

On March 17, 2008, defendants filed a comprehensive motion[43] seeking to roll back the summary judgment, find the patents invalid and unenforceable, define the role of a special master and stay or lift the injunction.  An extensive memorandum on patent invalidity was also filed.[44]

In April 2008, Defendants also filed motions for protective orders against post-judgment discovery issued by Plaintiff.[45]

Plaintiff more recently filed a second motion for an order to show cause,[46] supported by affidavits stating that products which infringe Plaintiff's patents are still on Defendants' web

---

[40] Motion for Appointment of Special Master, docket no. 85, filed February 8, 2008.

[41] *Id.* at 2.

[42] *Id.*

[43] Motion to Overturn Summary Judgment, and Motion to Rule Asserted Patents Invalid and Unenforceable, and Motion for Special Master Province and Motion for Stay or Lifting of the Injunction (Comprehensive Motion), docket no. 88, filed March 17, 2008.

[44] Memorandum in Support of Motions Extending to Asserted Patents Invalidity and 6,266,892 Being Unenforceable, docket no. 90, filed March 17, 2008.

[45] Docket no. 97 and docket no. 98, filed April 1, 2008.

[46] Plaintiff Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 106, filed September 3, 2008.

site.[47]  Two buyers have provided additional affidavits attaching copies of purchase documents

for allegedly infringing products and photographs of the items they purchased.[48]

### Issues Presented

There are two categories of issues presented – those seeking to roll back the remedies

already imposed by the court and those regarding forward-looking management of enforcement

of those remedies.  These categories are intermingled in the motions.  For example, Defendants'

motion for appointment of a special master and motion to define the master's role seek to have

the special master investigate the foundation of the Permanent Injunction and the invalidity of

Plaintiff's patents.[49]

### Relief from the Judgment and Injunction

As to all these motions seeking relief from the judgment and injunction, Defendants

entirely omit to address the basis for relief.  They argue the merits of the patents, judgment and

injunction as if they were arguing in late 2006, when those issues were pending, but failed in

their motion to address how they are entitled to relief under Fed. R. Civ. P. 60 or any other

standard.  After Plaintiff raised these points, Defendants did reply.[50]

But their entire argument on the basis for the court to overturn the judgment and

injunction is very sparse:

> Federal Rule of Civil Procedure Rule 60(b) provides:
> 1) On motion and just terms, the court may relieve a party... from a final judgment, order,
> or proceeding for the following reasons: ... (6) any other reason that justifies relief.

---

[47] Affidavit of Suzanne Nelson . . . , attached as Exhibit A to Memorandum in Support of Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 107, filed September 3, 2098.  The Affidavit itself has an Exhibit A purporting to be printouts from Defendants' web site.

[48] Affidavit of Shannon Sapp, attached as Exhibit B and Affidavit of Kay Cox, attached as Exhibit C to Memorandum in Support of Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement.

[49] Motion for Appointment of Special Master at 2; Comprehensive Motion at 3-9.

[50] Defendants['] Reply to Memorandum in Opposition [to Comprehensive Motion], docket no. 99, filed April 9, 2008.

*Klapprott v. United States*, 335 U.S. 601 S.Ct. (1949):
2) In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.
*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995):
3) Rule 60(b), which authorizes discretionary judicial revision of judgments... merely reflects and confirms the courts' own inherent and discretionary power, "firmly established in English practice long before the foundation of our Republic," to set aside a judgment whose enforcement would work inequity. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).[51]

The cited cases have facts far from those presented in this case.  Mr. Klapprott was stripped of his citizenship by default judgment obtained without any evidence, all occurring while he was confined in jail in poor health awaiting significant criminal charges, and without funds to obtain legal assistance.  The case was one in which the government bore the burden of proof "by clear, unequivocal and convincing evidence which does not leave the issue in doubt."[52] The statement from *Plaut* is dictum.  That case invalidated a statute by which Congress purported to require courts to set aside certain final judgments.  The decision was based on constitutional separation of powers.  The *Hazel-Atlas* case, cited in *Plaut,* overturned a judgment procured by an egregious fraud.  "Every element of the fraud here disclosed demands the exercise of the historic power of equity to set aside fraudulently begotten judgments."[53]

In significant contrast, the judgment and injunction in this case were obtained only by the diligence of Plaintiff, based on evidence submitted, contrasted by Defendants' complete inaction. They made no response to the summary judgment nor to the motion for entry of the injunction. They had, but failed to take, the opportunity to do then what they seek to do now.

---

[51] *Id.* at 1.

[52] *Klapprott*, 335 U.S. at 612,

[53] *Hazel-Atlas*, 322 U.S. at 245.

Their memorandum arguing patent invalidity appears to a competent discussion in this highly specialized area of the law.[54]  If this had been presented timely, over 14 months earlier, before the deadline of January 10, 2007, which Defendants themselves proposed, it could have been considered by the court in the summary judgment process.  Defendants offer no substantial argument about or evidence of the non-infringement of their Teflon rod products.

Federal Rule of Civil Procedure 60(b) and (c) provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.
> (c) Timing and Effect of the Motion.
>> (1) Timing.
>> A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Any relief under Fed. R. Civ. P. 60(b)(1)-(3) is time barred.  The judgment was entered February 8, 2007, and the Comprehensive Motion was filed March 17, 2008.  While the injunction was entered March 20, 2007, it is based entirely on the judgment which is time-immunized from attack under Fed. R. Civ. P. 60(b)(1)-(3).  There are no allegations that justify relief under Fed. R. Civ. P. 60(b)(4)-(6) and *even if there were*, the Comprehensive Motion was not filed within a reasonable time from the entry of judgment or the injunction.  There is no

---

[54] Memorandum in Support of Motions Extending to Asserted Patents Invalidity and 6,266,892 Being Unenforceable, docket no. 90, filed March 17, 2008.

stated justification for Defendants' delay until March 2008 to make their first attempt to address the merits of the case.  All motions for relief from the judgment and Permanent Injunction should be denied.

### Motions Regarding Special Master

The court invited Defendants to file a motion for a special master, which they have done. A Special Master should be appointed.  Consistent with the previous discussion, the Special Master will not inquire into the merits of the judgment or injunction, but will review Defendants' products and activities to report to the court on violations of the judgment and Permanent Injunction.  The Special Master should (1) inquire into the factual applicability of the injunction to Defendants' products and activities; (2) make factual reports and legal recommendations regarding Defendants' compliance or non-compliance with the injunction to the Court; and make recommendations regarding enforcement of the injunction to the court.  The Special Master shall not consider issues related to Plaintiff's patent validity or other patent infringement defenses.

The Special Master should have qualifications enabling examination of Defendants' products which Plaintiff alleges are infringing; assembly of information regarding use, marketing, and distribution of the products; ascertainment of any violation of the injunction; accounting of data related to the foregoing and analysis of the financial effect of any wrongful activity; and recommendation for future enforcement of the injunction and judgment.  In order to ensure the selection of a qualified Special Master, nominations from each party should be solicited for a period of twenty days, after which any party could object to the qualifications or competence of any nominee for a period of ten days, after which the district judge would appoint the Special Master.  The nominations should include information sufficient to determine the qualifications of the nominee; a complete description of all work activities of the nominee in the

past ten years; the proposed terms of compensation of the nominee; and any concerns the nominee has with the above stated scope of service.  The Special Master will supervise all aspects of that scope of service, and assembly of a report and recommendation thereon, and on Plaintiff Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement.[55]  Interim reports shall be filed not less than every two months following appointment, and a final report and recommendation shall be filed not later than six months after appointment.

Within 10 days after being served with a copy of the final report and recommendation a party should be permitted to serve and file specific, written objections.  A party should be permitted to respond to another party's objections within 10 days after being served with a copy thereof.   The district judge should make a *de novo* determination upon the record, or after additional evidence, of any portion of the disposition to which specific written objection has been made, and may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the Special Master with instructions.

In order to ensure that the parties are committed to the process and that the Special Master is compensated, the parties should be required within ten days of the district judge's order on this Report and Recommendation to make a deposit with the court of the sum of $10,000, $5,000 from Plaintiff and $5,000 from Defendants, together with their commitment to pay one half of the cost of compensation of the Special Master. If the total compensation of the Special Master is less than $10,000, the excess shall be refunded to the parties pro rata.  If the total compensation of the Special Master exceeds $10,000, the parties shall pay such additional

---

[55] Docket no. 106, filed September 3, 2008.

amount within thirty days of the final action of the district court on the report and
recommendation of the Special Master.

**Second Motion for Order to Show Cause**

Plaintiff Harris Research's Second Motion for Order to Show Cause and for
Determination of Willful Infringement[56] is precisely the sort of issue which the Special Master
should consider.  The court should take no action on that motion at this time.

**Motions for Protective Order**

Defendants seek protective orders from discovery issued in aid of enforcement of the
judgment and injunction. [57]  "The discovery requests at issue (three interrogatories and nine
requests for production)[58] seek information regarding: (1) research and development of
defendants' products,  (2)design and manufacture of defendants' products, (3) different models,
variations, and configurations of defendants' products, (3) marketing of defendants' products, (4)
defendants' sales since March 23, 2006, and (5) defendants' dealers and distributors."[59]
Defendants' sole objection is that the time permitted for discovery under the original scheduling
order has passed.[60]

Plaintiff Harris Research is, however, engaged in discovery in aid of its judgment.  This
is specifically permitted by Fed. R. Civ. P. 69(a)(2).  The magistrate judge sees no barrier to the
reasonable discovery propounded; in fact, it seems essential to determination of the facts.

---

[56] *Id.*

[57] Defendant Lisa Smith's Motion for Protective Order, docket no. 97 and Defendant Jeff Lydon's Motion for
Protective Order, docket no. 98, filed April 1, 2008.

[58] The discovery requests are attached as Exhibit B to Defendant Lisa Smith's Motion for Protective Order and
Defendant Jeff Lydon's Motion for Protective Order.

[59] Opposition to Defendant Jeff Lydon's Motion for Protective Order and Defendant Lisa Smith's Motion for
Protective Order, docket no. 101, filed April 16, 2008.

[60] Defendant Lisa Smith's Motion for Protective Order and Defendant Jeff Lydon's Motion for Protective Order;
Reply to Plaintiff Harris Research's Opposition to Defendant Jeff Lydon's Motion for Protective Order and
Defendant Lisa Smith's Motion for Protective Order, docket no. 102, filed April 28, 2008.

## ORDER

The Motion for Leave to File Overlength Memorandum[61] is GRANTED.

The Motions for Protective Order[62] are DENIED.

Within 10 days after being served with a copy of this order, a party may serve and file objections to the order.  A party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

## RECOMMENDATIONS

The Motion for Appointment of Special Master[63] and Motion for Special Master Province[64] should be GRANTED IN PART as recommended.

The Motion to Overturn Summary Judgment;[65] Motion to Rule the Asserted Patents Invalid and Unenforceable;[66] and Motion for Stay or Lifting of the Injunction[67] should be DENIED as recommended.

Within 10 days after being served with a copy of these recommendations, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.   The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after

---

[61] Docket no. 89, filed March 17, 2008.

[62] Docket no. 97 and docket no. 98, filed April 1, 2008.

[63] Docket no. 85, filed February 8, 2008.

[64] Docket no. 88, filed March 17, 2008.

[65] Docket no. 88, filed March 17, 2008.

[66] Docket no. 88, filed March 17, 2008.

[67] Docket no. 88, filed March 17, 2008.

additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

      Dated this 10th day of October 2008.

                By the Court:

                _____
                David Nuffer
                United States Magistrate Judge