UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| **HARRIS RESEARCH INC.**<br><br>Plaintiff,<br><br>v.<br><br>**RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES I-X,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>- **GRANTING [106] SECOND MOTION FOR ORDER TO SHOW CAUSE;**<br>- **DENYING [115] SECOND MOTION FOR APPOINTMENT OF COUNSEL;  and**<br>- **DENYING [122] MOTION FOR EXTENSION OF TIME TO PAY**<br><br>Case Number: 1:05 CV 136 CW<br>District Judge: Clark Waddoups<br>Magistrate Judge: David Nuffer |

## Introduction

This case is before the court on three motions, one by Plaintiff and two by Defendants Lydon and Smith. The history of this case is adequately recounted in a prior order entered in October 2008.[1] In summary relevant to these current motions, Plaintiff has a judgment that certain products manufactured, used or sold by Defendants Smith and Lydon infringe on Plaintiff's patents.[2] Plaintiff also obtained an injunction,[3] and the court has sanctioned Defendants for violating the injunction.[4] Plaintiff is again seeking to enforce Defendants' compliance with the injunction.[5]

---

[1] Memorandum Decision and Order and Report and Recommendation, docket no. 112, filed October 10, 2008.

[2] Judgment in a Civil Case, docket no. 51, filed February 9, 2007; Memorandum of Points and Authorities in Support of Harris Research's Motion for Summary Judgment at 2, docket no. 37, filed October 11, 2006.

[3] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

[4] Order at 5, docket no. 82, filed February 4, 2008.

[5] Plaintiff Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 106, filed September 3, 2008.

This court has ordered the parties to deposit funds to pay for services of a special master to manage the parties' post-judgment relationship.[6] Defendants did not deposit the funds, but have filed two motions, one seeking appointment of counsel[7] and another seeking an extension of time for deposit of funds.[8]

## Motion to Appoint Counsel

Defendants' prior motions to appoint counsel[9] were denied,[10] in part because of lack of proof of indigency. The present motion provided tax returns[11] from recent years showing substantial gross income for their business and significant net income. Appointment of counsel is discretionary in civil cases, and in this case is not appropriate. The financial records show that Defendants are capable of paying for services of counsel for the limited issues remaining in this case.

## Motion for Extension of Time

The district judge ordered that the parties deposit funds to retain a special master.

> By no later than December 3, 2008, Plaintiff and Defendants, respectively, are directed to deposit with the Court a sum of $5,000, as prepayment for the services of the Special Master, along with a written commitment to pay one half the cost of the additional compensation of the Special Master not covered by the initial deposit.[12]

Defendants motion to extend time for the deposit was filed one day after the deadline for posting funds. Motions to extend time filed after expiration of the period may only be

---

[6] Order Adopting Report and Recommendation, docket no. 117, filed November 12, 2008.

[7] Defendants Jeff Lydon and Lisa Smith's Second Motion for Appointment of Counsel and Motion to Continue, docket no. 115, filed November 6, 2008.

[8] Defendants Jeff Lydon and Lisa Smith's Motion for Extension of Time to Pay, docket no. 122, filed December 4, 2008.

[9] Motions for Appointment of Counsel, docket no. 42 and docket no. 43, filed November 3, 2006.

[10] Order at 2, docket no. 47, filed December 19, 2006.

[11] Exhibits to Defendants Jeff Lydon and Lisa Smith's Second Motion for Appointment of Counsel and Motion to Continue, docket no. 116, filed under seal November 6, 2008.

[12] Order Adopting Report and Recommendation at 3.

2

considered if excusable neglect is shown.[13]  Defendants did not explain why they did not timely file their motion to extend.  For seven weeks prior to that deadline, Defendants had been aware of the pending report and recommendation from the magistrate judge that $5,000 be deposited by each party.  The district judge entered the order to deposit three weeks before the motion to extend was filed.  The motion for an extension is untimely.

Further, it does not appear an extension would do any good.  The motion requested a three-month extension of time from December 3, 2008 to February 3, 2009.[14]  It is now over a month since that time and no deposit has been made.

From the date of the report and recommendation, Defendants have had five months to assemble funds.  Their financial records – and their own motion to extend – show they should have been able to deposit these funds in that time period.

### Second Order to Show Cause

Plaintiff moved for an order to show cause, requiring Defendants to show why they should not be held in civil contempt for violation of the permanent injunction against them.  The motion is supported by affidavits[15] alleging facts that make it appear that the injunction has been violated.  The motion for an order to show cause is well supported.

---

[13] Fed. R. Civ. P. 6(b)(1)(B).

[14] Motion for Extension of Time to Pay at 2.

[15] The affidavits are attached to Memorandum of Points and Authorities in Support of Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 107, filed September 3, 2008.  Affidavit of Suzanne Nelson in Support of Harris Research, Inc.'s Motion for Order to Show Cause, attached as Exhibit A; Affidavit of Shannon Sapp, attached as Exhibit B; Affidavit of Kay Cox, attached as Exhibit C.

## ORDER

IT IS HEREBY ORDERED:

1. The Motion to Appoint Counsel and Continue[16] is DENIED.

2. The Motion for Extension of Time to Pay[17] is DENIED.

3. The Second Motion for Order to Show Cause[18] is GRANTED.

## ORDER TO SHOW CAUSE

IT IS HEREBY ORDERED AND ADJUDGED that Defendants Jeff Lydon and Lisa Smith must appear **in person** before David Nuffer, United States Magistrate Judge, at the United States District Court, District of Utah, 350 South Main Street, Salt Lake City, Utah 84101, Room 477 at 1:30 p.m., on the 29th day of April, 2009 to show cause why they should not be held in contempt

IT IS FURTHER ORDERED that the parties shall bring with them any evidence and witnesses which may be required to resolve the issues of whether Defendants:

1. Manufacture products falling within the scope of the claims of the Patents, specifically including, without limitation, Defendants' GreenGlides products (collectively the "GreenGlide products");
2. Use products or methods falling within the scope of any of the claims of the Patents, specifically including, without limitation, Defendants' GreenGlides products;
3. Sell or offer to sell products or methods falling within the scope of any of the claims of the Patents, specifically including, without limitation, Defendant's GreenGlides products;
4. Actively induce others to infringe any of the claims of the Patents;
5. Engage in acts constituting contributory infringement of any of the claims of the Patents;
6. Fail to make every reasonable effort to retrieve from their distributors infringing products, specifically including, without limitation, Defendants' GreenGlides products; and
7. Fail to deliver to Plaintiff for destruction all infringing products in their possession.

---

[16] Docket no. 115, filed November 6, 2008.

[17] Docket no. 122, filed December 4, 2008.

[18] Plaintiff Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 106, filed September 3, 2008.

At the conclusion of the hearing, the court will determine how to take any evidence regarding damages and attorney's fees and costs. That evidence will not be presented at this hearing.

This Order to Show Cause shall be served through U. S. Postal Service mail to the last address provided by Defendants to the court.

## Notice

Within 10 days after being served with a copy of this order, a party may serve and file objections to the order. A party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Dated this 18th day of March 2009.

By the Court:

_David Nuffer_
David Nuffer
United States Magistrate Judge