IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC., | |
| Plaintiff, | **MEMORANDUM DECISION, ORDER, REPORT and RECOMMENDATION** |
| vs. | |
| RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES I - X, | |
| Defendants. | Civil No. 1:05-CV-136  CW |
| JEFF LYDON, LISA SMITH, | District Judge: Clark Waddoups |
| Counterclaim Plaintiff, | |
| v. | Magistrate Judge: David Nuffer |
| HARRIS RESEARCH, INC., | |
| Counterclaim Defendant. | |

## Introduction

This matter came before this court on the 29th day of April, 2009 for a hearing on an

Order to Show Cause from the court issued March 18, 2009,[1] and on Plaintiff Harris Research,

Inc.'s ("Harris Research") Third Motion for Order to Show Cause.[2]  Defendants Jeff Lydon and

---

[1] Memorandum Decision and Order Granting [106] Second Motion for Order to Show Cause; Denying [115] Second Motion for Appointment of Counsel; and Denying [122] Motion for Extension of Time to Pay, docket no. 128, filed March 18, 2009.

[2] docket no. 126, filed March 17, 2009.

Lisa Smith (collectively, "Defendants Lydon and Smith) had been ordered by this court[3] to show cause why they should not be held in contempt for activities in violation of the permanent injunction[4] in this case.

The case is referred to the magistrate judge under 28 U.S.C. §636(b)(1)(B).  The magistrate judge was directed to hear and determine any nondispositive pretrial matters and manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented.

Harris Research was represented at the hearing by Shaun L Peck and Marty E Moore of the law firm of Bearnson & Peck, LC.  Despite the court's order[5] that Defendants Lydon and Smith appear in person at the hearing, neither Defendant appeared and neither defendant sought, or was granted, permission of the court to be excused from personal attendance.  Defendant Smith did telephone the court the morning of the hearing and advise that she would not be present for reasons related to a medical condition of her son.[6]

An evidentiary hearing was conducted, with Harris Research introducing 29 exhibits and proffering the testimony of three witnesses, all of whom were placed under oath and all of whom

---

[3] Memorandum Decision and Order Granting [106] Second Motion for Order to Show Cause; Denying [115] Second Motion for Appointment of Counsel; and Denying [122] Motion for Extension of Time to Pay, docket no. 128, filed March 18, 2009.

[4] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

[5] Memorandum Decision and Order Granting [106] Second Motion for Order to Show Cause; Denying [115] Second Motion for Appointment of Counsel; and Denying [122] Motion for Extension of Time to Pay, docket no. 128, filed March 18, 2009.

[6] The court received a voicemail message purporting to be from Defendant Smith stating that she had been traveling to Salt Lake City to attend the hearing but returned to her home in California because of a medical issue involving her child, whom she stated had traveled with her.  Defendant Smith also stated in her voicemail message that she and Defendant Lydon had divorced and "the business" – presumably the business known as GreenGlides – had been sold.  The court played the voicemail message at the beginning of the hearing.  No filings containing these facts have been made.

verbally affirmed to the court that the proffered testimony was correct. All 29 exhibits were admitted into evidence and the proffered testimony was accepted by the court.

Based upon the motions and memoranda filed with the court, the evidence admitted and heard at the hearing, the arguments of counsel for Harris Research, the failure of Defendants Lydon and Smith to appear at the hearing without a substantiated excuse, and, being fully advised in the premises, the court makes the following Findings of Fact which support the Order contained herein, directly entered by the magistrate judge, and which also constitute a Report to the District Judge in support of the Recommendation contained herein.

## TABLE OF CONTENTS

FINDINGS OF FACT .............................................................................................................. 4
    Notice of Infringement Claims and Pro Se Representation ....................................................... 4
    Notice of Judgment, Preliminary Injunction and Orders to Show Cause ................................. 5
    Defendants' Ongoing Infringement Activities .......................................................................... 7
    Contempt .................................................................................................................................. 10
    Infringing Products ................................................................................................................... 11
    Determination of Damages and Compliance ........................................................................... 12
ORDER ................................................................................................................................... 15
    Compliance with Permanent Injunction .................................................................................. 15
    Discovery and Disclosure ........................................................................................................ 16
    Attorneys Fees and Expenses .................................................................................................. 17
    Warning .................................................................................................................................... 18
RECOMMENDATION ............................................................................................................ 19
NOTICE TO PARTIES ............................................................................................................ 20

## FINDINGS OF FACT

### Notice of Infringement Claims and Pro Se Representation

1.      As early as September 1, 2005, Defendants Lydon and Smith were put on notice that Harris Research believed them to be marketing and distributing GreenGlides glide products that infringe Harris Research patents.[7]

2.      Defendants Lydon and Smith have been parties to this litigation since at least December 29, 2005, when their former counsel filed an Answer and Counterclaim[8] on their behalf.

3.      Defendants Lydon and Smith have appeared *pro se* in this lawsuit since July 20, 2006, when the court granted[9] their former counsel's Ex Parte Motion to Withdraw.[10]

4.      Defendants Lydon and Smith have elected to appear *pro se*. Defendants Lydon and Smith's tax returns[11] show that their company, GreenGlides, enjoyed the following gross revenues for tax years 2005-2007: $405,795 for 2005; $553,677 for 2006; and $687,973 for 2007.  This court has previously found that "Defendants are capable of paying for services of counsel for the limited issues remaining in this case."[12]

5.      The court finds that Defendants Lydon and Smith have obtained the assistance of counsel to assist them in preparation of technically complicated documents that Defendants

---

[7] Plaintiff's Exhibit 4.

[8] Answer & Counterclaim of  Defendants Jeff Lydon, Lisa Smith and Cobb Carpet Supply, docket no. 4, filed December 29, 2005.

[9] Order on Ex Parte Motion to Withdraw as Attorney of Record for Jeff Lydon and Lisa Smith, docket no. 30, filed July 20, 2006.

[10] Ex Parte Motion to Withdraw as Attorney of Record for Jeff Lydon and Lisa Smith, docket no. 29, filed July 19, 2006.

[11] Attached as Exhibits to Defendants Jeff Lydon and Lisa Smith's Second Motion for Appointment of Counsel and Motion to Continue, docket no. 115, filed November 6, 2008; also admitted as Plaintiff's Exhibit 28 at the hearing.

[12] Memorandum Decision and Order, docket no. 128, filed March 18, 2009.

nonetheless submitted as if prepared *pro se*.  These documents challenging the court's determination and judgment of infringement, e.g., Defendants' Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Special Master Province & Motion for Stay or Lifting of the Injunction[13]; Defendants Reply to Memorandum in Opposition,[14] and Defendants Jeff Lydon and Lisa Smith's Request to Submit for Decision[15] were admitted as Plaintiff's Exhibit 8 at the hearing.

6.     Defendants have continued to participate *pro se* in post-judgment proceedings in this lawsuit.  As recently as December 8, 2008, Defendants Lydon and Smith filed an untimely motion requesting an extension of time to pay a deposit for the special master whom they had requested the court appoint to resolve patent infringement issues.[16]  The request was denied after the magistrate judge delayed action in the case for a period of time equivalent to the extension requested.[17]

### Notice of Judgment, Preliminary Injunction and Orders to Show Cause

7.     The Order to Show Cause was served on Defendants Lydon and Smith by the clerk of court on or about March 18, 2009 through the U.S. Postal Service to the last address provided by Defendants.  The order required Defendants to appear in person.

8.     On April 29, 2009 before commencement of the show-cause hearing a woman who identified herself as Defendant Smith left a voicemail message on the court's telephone

---

[13] Defendants' Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Special Master Province & Motion for Stay or Lifting of the Injunction, docket no. 88, filed March 17, 2008.

[14] Defendants Reply to Memorandum in Opposition, docket no. 99.

[15] Defendants Jeff Lydon and Lisa Smith's Request to Submit for Decision, docket no. 108.

[16] Defendants Jeff Lydon and Lisa Smith's Motion for Extension of Time to Pay, Docket No. 122, filed December 8, 2008.

[17] Memorandum Decision and Order

stating that she had attempted to travel to Salt Lake City to attend the hearing, had turned around near Salt Lake City, was returning to California, and would not be attending the hearing.

9.     Defendants Lydon and Smith received reasonable notice of the April 29, 2009 hearing on the order to show cause and chose not to attend the hearing in person or otherwise.

10.     Defendants Lydon and Smith failed to appear in person at the April 29, 2009 show-cause hearing; neither Defendant had a substantiated excuse for failing to attend.

11.     Defendants Lydon and Smith timely received, and were aware of, the court's Permanent Injunction,[18] which was issued on March 20, 2007.  Three months after the Permanent Injunction was issued, Defendants filed a response to Harris Research's original Motion for Order to Show Cause,[19] in which response[20] Defendants admit knowing about the court's Judgment[21] and the subsequent Permanent Injunction.

12.     Defendants Lydon and Smith received notice of,[22] and participated in,[23] a hearing on Harris Research's first Motion for Order to Show Cause,[24] which alleged Defendants' ongoing violation of the Permanent Injunction.

13.     Defendants Lydon and Smith have been previously found by this court to be in contempt[25] of the Permanent Injunction.[26]  For such contemptuous behavior, Defendants were

---

[18] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

[19] Plaintiff Harris Research's Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 61, filed April 30, 2007.

[20] Defendant Jeff Lydon and Lisa Smith's Response to Harris Research' Motion for Order to Show Cause and for Determination of Willful Infringement and Defendants Jeff Lydon and Lisa Smith's Response and Evidence in Opposition to Plaintiff's Memorandum of Points and Authorities in Support of Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 68, filed June 19, 2007, p. 5; also admitted as Exhibit 9 at the hearing.

[21] Judgment in a Civil Case, docket no. 50, filed February 8, 2007.

[22] Notice of Hearing on Motion, docket no. 70, entered August 27, 2007.

[23] Minute Entry, docket no. 80, entered October 4, 2007.

[24] Plaintiff Harris Research's Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 61, filed April 30, 2007.

sanctioned in a nominal amount and warned in the contempt order to cease violating the Permanent Injunction or face "catastrophic" sanctions.[27]

14.     Defendants Lydon and Smith personally received the court's warning in its contempt order[28] about future sanctions if they did not comply with the Permanent Injunction. Two days after the court's contempt order was issued, Defendants submitted their Motion for Appointment of Special Master,[29] availing themselves of the court's suggestion[30] that they seek appointment of a special master to resolve issues relating to the scope of the injunction.

### Defendants' Ongoing Infringement Activities

15.     The court specifically finds that Harris Research has demonstrated by clear and convincing evidence that Defendants Lydon and Smith have, since issuance of this court's first contempt Order, continued to violate the court's Permanent Injunction by marketing and distributing GreenGlides glide products that infringe Harris Research's patents numbered 6,298,577 ("577 Patent") and 6,266,892 ("892 Patent").   This finding is based on the proffered testimony of Harris Research's three witnesses and Plaintiff's Exhibits 3, 6, 10-29 which were received into evidence at the hearing.

16.     The court specifically finds, by clear and convincing evidence, that there is no significant difference in GreenGlides' infringing glide products marketed and distributed by Defendants Lydon and Smith from the time Harris Research submitted its Motion for Summary

---

[25][25] Order, p. 3, docket no. 82, filed February 4, 2008.

[26] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

[27] Order, p. 3, docket no. 82, filed February 4, 2008.

[28] *Id.*

[29] Motion for Appointment of Special Master, docket no. 85, filed February 8, 2008.

[30]  Order, p. 4, docket no. 82, filed February 4, 2008.

Judgment[31] in October 2006 until the week before the April 29, 2009 hearing.  In particular, the court finds that the following infringing GreenGlides glide products have remained consistent over time:

> (i) the GreenGlides glide products advertised in Plaintiff's Exhibits 14 and 15, which are printouts of the GreenGlides' website dated April 21, 2009;

> (ii) GreenGlides glide products listed in Plaintiff's Exhibit 17, which is the GreenGlides Inventory Price List dated April 22, 2006 on Bate-stamped pages GRGL 001844 to GRCL 001850, excluding the items listed under "Teflon Magic Lips" on page 001850, a copy of which is attached hereto;

> (iii) GreenGlides glide products referenced in Plaintiff's Exhibit 6, which is Harris' Research's motion for summary judgment and supporting memorandum filed October 11, 2006; and

> (iv) Plaintiff's Exhibits 18-26, which are actual GreenGlides glide products that were sent to Harris Research's counsel's office in response to letters sent to GreenGlides distributors or customers after this court issued the Permanent Injunction.  Some of these items were voluntarily sent to Harris Research's counsel and some were purchased by persons acting on behalf of Harris Research's counsel.  In the latter cases, the distributors/customers of GreenGlides did not know the relationship of the purchaser to Harris Research.

17.     The court specifically finds, by clear and convincing evidence, that Defendants Lydon and Smith have known that Harris Research's '577 and '892 Patents are infringed by the

---

[31] Plaintiff Harris Research's Motion for Summary Judgment of Literal Infringement of Claims 1-4, 10, 12 and 19 of the '577 Patent and Claims 1-4, 8, 9, 12-14 and 16-20 of the '892 Patent by Defendants Jeff Lydon's and Lisa Smith's GreenGlides Products, docket no. 36, filed October 10, 2006.

GreenGlides glide products Defendants have continued to market and distribute after issuance of the Permanent Injunction and issuance of this court's first Order of contempt.  This has been made abundantly clear by the motions, memoranda, declarations, and orders in this case.

18.    The court specifically finds, by clear and convincing evidence, that Defendants Lydon and Smith have knowingly and willfully continued to violate the court's Permanent injunction by marketing and distributing GreenGlides glide products that infringe Harris Research's '577 and '892 Patents.  A reason Defendants Lydon and Smith have continued to violate the court's Permanent Injunction is that, by their own admission, they have continued to earn a living and support their family through the sale of GreenGlides' glide products which they state constitute the major part of their sales revenue.[32]

19.    The court specifically finds that Defendants Lydon and Smith should be subject to enhanced penalties for willful infringement of Harris Research's '577 and '892 Patents since entry of the Permanent Injunction for the following reasons:

(i)  the court infers from the evidence that Defendants deliberately copied the design ideas that are protected by Harris Research's '577 and '892 Patents;

(ii)  Defendants were put on notice as early as September 2005 that they were infringing Harris Research's '577 and '892 Patents, and no evidence has been presented

---

[32]  See, for example, the letter of Defendants Smith and Lydon dated February 27, 2008 in Plaintiff's Exhibit 7, wherein Defendants state: "We have no other avenues of income aside from GreenGlides and while we have expanded the product line to include non-glide products, they do not currently constitute a large enough portion of our sales to eliminate Teflon glide products and survive."  See also Defendant Jeff Lydon and Lisa Smith's Response to Harris Research' Motion for Order to Show Cause and for Determination of Willful Infringement and Defendants Jeff Lydon and Lisa Smith's Response and Evidence in Opposition to Plaintiff's Memorandum of Points and Authorities in Support of Motion for Order to Show Cause and for Determination of Willful Infringement, docket no. 68, filed June 19, 2007, pp. 8-9: "Defendants are not willingly representing themselves in this court, but are forced to represent themselves due to the circumstances forced upon them by the Plaintiffs, given the unacceptable alternative of losing their family livelihood."

to the court demonstrating that Defendants took any steps after adjudication of their infringement to comply with the Preliminary Injunction;

(iii)  Defendants have demonstrated a pattern of neglecting or refusing to participate meaningfully in this litigation and abide by the court's orders;

(iv)  Defendants' tax returns indicate that their GreenGlides business showed substantial growth during the years that they continued to market and distribute glide products that infringed Harris Research's '577 and '892 Patents;

(v)  Defendants have presented no evidence to the court in the form of expert testimony or a patent opinion indicating that Defendants' GreenGlides glide products do not infringe Harris Research's '577 and '892 Patents;

(vi)  Defendants' infringing activities have continued unabated in any meaningful way until at least the week before the April 29, 2009 hearing;

(vii)  Defendants have presented no evidence to the court indicating that they have taken remedial steps to avoid infringing on Harris Research's '577 and '892 Patents; and

(viii)  Defendants have been clear to the court and to Harris Research's counsel that they continue to sell GreenGlides glide products because this is how they make a living.

## Contempt

20.    The court specifically finds, by clear and convincing evidence, that Defendants Lydon and Smith have intentionally avoided complying with orders this court has issued regarding Defendants' infringing activities and enforcement of the Permanent Injunction.

21.    The court specifically finds that Defendants Lydon and Smith have violated the court's orders in the following respects: (i) their willful violation of the Permanent Injunction;

(ii) the court's order requiring Defendants to deposit $5,000.00 into the court registry for partial payment of a special master and designation of a special master after they made a motion for this relief and were effectively granted the entire extension time period which they requested;[33] and

(iii) the court's order requiring Defendants to appear in person at the April 29, 2009 show-cause hearing.[34]

### Infringing Products

22.     The court specifically finds the following products infringe Harris Research's '577 and '892 Patents, including but not limited to:

(i)  all GreenGlides glide products listed on Plaintiff's Exhibit 15, which is a GreenGlides website capture dated April 21, 2009;

(ii)  all GreenGlides glide products listed on Plaintiff's Exhibit 17 which is the GreenGlides Inventory Price List dated April 22, 2006 on Bate-stamped pages GRGL 001844 to GRCL 001850, excluding the items listed under "Teflon Magic Lips" on page 001850; and

(iii)  all GreenGlides glide products substantially similar to those described in 22(i) and (ii), above with tapered ends and a hole or slot(s) for an aperture that are milled from rods made of Teflon or a similar material, regardless of the dimensions of the glide or cleaner in which it is placed.

These items are referred to hereafter as the Infringing Products.

---

[33]  Memorandum Decision and Order and Report and Recommendation, docket no. 112, filed October 10, 2008; Order Adopting Report and Recommendation, docket no. 117 filed November 12, 2008.

[34]  Memorandum Decision and Order, docket no. 128, filed March 18, 2009.

**Determination of Damages and Compliance**

23.     The court's efforts to adjudicate this case have been frustrated by the lack of information available from Defendants Lydon and Smith.  Harris Research provided the court with copies of written discovery requests that had been served more than a year ago, but to which Defendants Smith and Lydon have not responded.  Unless Defendants Smith and Lydon promptly comply with Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Jeff Lydon and Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Lisa Smith, both of which were served on March 14, 2008, the court's efforts will be further frustrated.

24.     The following information is specifically needed by the court to effectively adjudicate this matter.  This information is only available from Defendants Smith and Lydon:

(i) total revenue of GreenGlides for each of years 2005 through 2008, with a breakdown of total sales revenues in each of these years that is attributable to sales of GreenGlides glide products,

(ii) a breakdown of all GreenGlides sales of all products in each of years 2005 through 2008, including date of sale, product sold and name of purchaser of product;

(iii)  an explanation of the source of all revenues received from the GreenGlides business in each of years 2005 through 2008;

(iii) federal income tax returns for Defendants Lydon and Smith and GreenGlides (if a separate tax return) for 2008;

(iv) copies of all documents related to the purported sale of the GreenGlides business as related by Defendant Smith in the voicemail message of April 29, 2009 to the court; and

(v)  copies of the petition or complaint for divorce filed by Defendant Lydon or Smith and the judgment or decree of divorce in Defendants' purported divorce case.

25.  If Defendants Lydon and Smith continue to frustrate the court's orders by failing to comply with such directives, the court will likely have no alternative but to draw the conclusion that the revenue from the GreenGlides business is derived from the sale of Infringing Products. In such circumstances, it may be incumbent on the court to conclude that all identified revenues and profits from the GreenGlides business are the proceeds of infringing activity and that only the complete closure of Defendants' GreenGlides business will effectively enforce the court's orders and protect the '577 and '892 Patents.

26.  Effective compliance with the court's permanent injunction would be accomplished if:

(i)  Defendants Smith and Lydon, and any other person associated with the GreenGlides website (www.greenglides.com), immediately remove from that website all Infringing Products;

(ii)  Defendants Lydon and Smith promptly deliver to Harris Research's counsel, Bearnson & Peck, LC, 399 North Main, Suite 300, Logan, UT 84321, all Infringing Products; and

(iii)  Defendants Lydon and Smith notify all GreenGlides distributors and customers who have purchased or taken delivery of the Infringing Products since issuance of the Permanent Injunction on March 20, 2007 that such products infringe Harris Research Patents and should be immediately sent to Harris Research's counsel, Bearnson & Peck, LC, 399 North Main, Suite 300, Logan, UT 84321 and to prove that such notice has been provided to GreenGlides' distributors and customers, Defendants

Lydon and Smith must provide Harris Research's counsel with a full copy of each notice sent within 20 days of sending the notice.

27.     Harris Research has incurred significant attorneys' fees and costs since issuance of the Permanent Injunction as a result of Defendants Lydon's and Smith's refusal to fully and timely participate in this lawsuit and their contemptuous behavior after issuance of the Permanent Injunction.

28.     Defendants Lydon and Smith have received notice and opportunity to be heard in this proceeding.  Defendants have received and are aware of copies of the court's Judgment, Permanent Injunction and notice of both hearings on orders to show cause.  Defendants participated by telephone in the first show-cause hearing but elected not to participate at all in the second show cause hearing.  At all times, Defendants were provided an opportunity to present evidence and legal argument in their own support.  The Defendants have an opportunity to review the evidence and record of the April 29, 2009 show-cause hearing and respond to the court's Order and Recommendations.

29.     In order to obtain adequate information, a further hearing will be necessary at which Defendants Smith and Lydon appear in person and at their own expense before the court or supplemental proceedings in this matter.  For such proceedings, Defendants should be prepared to answer questions regarding their compliance with the Permanent Injunction and the Order contained herein and regarding the discovery sought in Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Jeff Lydon and Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Lisa Smith, and the discovery sought in paragraph 29, above.

30.     If the sanctions imposed in accordance with these Findings of Fact and Conclusions of Law are insufficient to cause Defendants Lydon and Smith to cease their violations of the Permanent Injunction and comply in full with this court's orders, then it may be necessary to issue a bench warrant for the arrest of Defendants, with other orders to follow to ensure compliance with the court's orders.

## ORDER

### Compliance with Permanent Injunction

It is hereby ORDERED, in aid of the Permanent Injunction, that Defendants Smith and Lydon, and any other person associated with GreenGlides, immediately cease marketing and distributing all GreenGlides glide products that infringe Harris Research's '577 and '892 Patents, (Infringing Products) including but not limited to:

(i)  all GreenGlides glide products listed on Plaintiff's Exhibit 15, which is a GreenGlides website capture dated April 21, 2009;

(ii)  all GreenGlides glide products listed on Plaintiff's Exhibit 17 which is the GreenGlides Inventory Price List dated April 22, 2006 on Bate-stamped pages GRGL 001844 to GRCL 001850, excluding the items listed under "Teflon Magic Lips" on page 001850; and

(iii)  all GreenGlides glide products substantially similar to those described in 22(i) and (ii), above with tapered ends and a hole or slot(s) for an aperture that are milled from rods made of Teflon or a similar material, regardless of the dimensions of the glide or cleaner in which it is placed.

It is further ORDERED that Defendants Smith and Lydon, and any other person associated with the GreenGlides website (www.greenglides.com), immediately remove from that website all Infringing Products.

It is further ORDERED that Defendants Lydon and Smith promptly deliver to Harris Research's counsel, Bearnson & Peck, LC, 399 North Main, Suite 300, Logan, UT 84321, all Infringing Products.

It is further ORDERED that Defendants Lydon and Smith notify all GreenGlides distributors and customers who have purchased or taken delivery of the Infringing Products since issuance of the Permanent Injunction on March 20, 2007 that such products infringe Harris Research Patents and should be immediately sent to Harris Research's counsel, Bearnson & Peck, LC, 399 North Main, Suite 300, Logan, UT 84321 and to prove that such notice has been provided to GreenGlides' distributors and customers, Defendants Lydon and Smith must provide Harris Research's counsel with a full copy of each notice sent within 20 days of sending the notice.

### Discovery and Disclosure

It is further ORDERED that, within 30 days of being served with a copy of this order, Defendants Lydon and Smith must respond in to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Jeff Lydon and Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Lisa Smith, both of which are dated March 14, 2008. Such responses must be provided to Harris Research's counsel within 30 days of being served with a copy of this order.

It is further ORDERED  that, within 30 days of being served with a copy of this order, Defendants Lydon and Smith must provide additional discovery to Harris Research for the

purpose of determining whether additional contempt sanctions are warranted and to assist Harris

Research and the court in determining damages for willful infringement of Harris Research's

'577 and '892 Patents.  Defendants Lydon and Smith must provide the following documents:

(i) total revenue of GreenGlides for each of years 2005 through 2008, with a

breakdown of total sales revenues in each of these years that is attributable to sales of

GreenGlides glide products,

(ii) a breakdown of all GreenGlides sales of all products in each of years 2005

through 2008, including date of sale, product sold and name of purchaser of product;

(iii)  an explanation of the source of all revenues received from the GreenGlides

business in each of years 2005 through 2008;

(iii) federal income tax returns for Defendants Lydon and Smith and GreenGlides

(if a separate tax return) for 2008;

(iv) copies of all documents related to the purported sale of GreenGlides as

related by Defendant Smith in the voicemail message of April 29, 2009 to the court; and

(v)  copies of the petition or complaint for divorce filed by Defendant Lydon or

Smith and the judgment or decree of divorce in Defendants' purported divorce case.

### Attorneys Fees and Expenses

Harris Research has filed with the court[35] its proof of the attorneys' fees and costs it has

incurred since issuance of the Permanent Injunction.  It is further ORDERED that Defendants

must submit any objections to an award of attorneys' fees and costs within 14 days of the date of

this order.

---

[35] Docket no. 134, filed May 6, 2009.

**Further Proceedings**

Defendants Smith and Lydon are hereby ORDERED to appear in person and at their own expense before David Nuffer, United States Magistrate Judge, at the United States District court, District of Utah, 350 S. Main Street, Salt Lake City, UT 84101, Room 477 at 1:30 p.m. on Thursday July 9, 2009 for supplemental proceedings in this matter.  For such proceedings, Defendants should be prepared to answer questions regarding their compliance with the Permanent Injunction and the orders to be issued in conjunction with these Findings of Facts and Conclusions of Law.  In addition, Defendants should be prepared to answer questions regarding the discovery sought in Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Jeff Lydon and Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and Things to Defendant Lisa Smith and the discovery required to be produced by Defendants in this order.

*All the foregoing discovery should have been provided well in advance of this hearing.*


**Warning**

The court specifically warns Defendants Lydon and Smith that if they continue to frustrate the court's orders by failing to comply with the court's directives, the court will likely have no alternative but to draw the conclusion that the revenue from the GreenGlides business is derived from the sale of Infringing Products.  In such circumstances, it may be incumbent on the court to conclude that all identified revenues and profits from the GreenGlides business are the proceeds of infringing activity and that only the complete closure of Defendants' GreenGlides business will effectively enforce the court's orders and protect the '577 and '892 Patents.

The court reserves to a later date Harris Research's request for an award of full damages, including enhanced damages, against Defendants Lydon and Smith for willful infringement of Harris Research's '577 and '892 Patents.

## RECOMMENDATION

Based on the Findings of Fact and Order, the magistrate judge recommends the distrct judge enter an order that:

1. Defendants Lydon and Smith are in contempt of injunction for their repeated violations of the Permanent Injunction issued by this court.

2. Defendants Lydon and Smith are in contempt of court for their repeated violations of this court's orders, other than the Permanent Injunction.

3. Defendants Lydon and Smith have willfully infringed Harris Research's ' 577 and '892 Patents and are are subject to enhanced damages for willful infringement under 35 U.S.C. § 284 and 35 U.S.C. § 285.

4. For their contemptuous acts, Defendants Lydon and Smith should be sanctioned by the court, including:

   (i) entry of an order requiring Defendants to pay Harris Research's attorneys' fees and costs incurred since entry of the Permanent Injunction and reducing those attorneys' fees and costs to a money judgment against Defendants, jointly and severally; and

   (ii)  entry of an order requiring each Defendant to pay Harris Research a monetary sanction of $10,000.00 each on Defendants Lydon and Smith for their contemptuous actions, including failure to comply with the Permanent Injunction, failure to appear in person before the court at the April 29, 2009 show-cause hearing, and failure to comply with other court orders,.  Each Defendant should be ordered to pay this amount to Harris

Research as a remedial sanction.  In addition, this amount should be reduced to a money judgment against Defendants and in favor of Harris Research.  If the court later determines the amount of damages due Harris Research from Defendants Lydon and Smith for Defendants' willful infringement of Harris Research's '577 and '892 Patents, the $10,000 payment from each Defendant should be set off against the total damages award.

5.      The district judge should specifically warn Defendants Lydon and Smith that if the sanctions imposed are insufficient to cause these Defendants to cease their violations of the Permanent Injunction and comply in full with this court's orders, and continue to fail to appear and provide information, then it may be necessary to issue a bench warrant for the arrest of Defendants, with other orders to follow to ensure compliance with the court's orders.

## NOTICE TO PARTIES

Within 10 days after being served with a copy of the **magistrate judge's Order**, a party may serve and file objections to the order.  A party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.[36]

Within 10 days after being served with a copy of the **magistrate judge's Recommendation**, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination

---

[36]      Rule 72(a), F. R. Civ. P.

upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.[37]

Dated this 22nd day of May, 2009.

By the court:

David Nuffer
United States Magistrate Judge

---

[37]      Rule 72(b), F. R. Civ. P.