Shaun L Peck (#7595)
Marty E. Moore (#8932)
Keely Schneiter (#10139)
BEARNSON & PECK, L.C.
399 North Main, Suite 300
Logan, Utah 84321
Telephone: (435)787-9700
Facsimile: (435)787-2455
mmoore@cachelaw.com
*Attorneys for Harris Research, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES I - X, <br><br> Defendants. <br><br> JEFF LYDON, LISA SMITH, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> HARRIS RESEARCH, INC., <br><br> Counterclaim Defendant. | **REPORT and RECOMMENATION REGARDING DEFENDANT JEFF LYDON** <br><br><br> Civil No. 1:05-CV-136 <br><br> District Judge: Clark Waddoups <br><br> Magistrate Judge: David Nuffer |

This matter came before this court for hearing on September 11, 2009 on this court's Order to Show Cause[1] issued to Defendants Lisa Smith and Jeffrey Lydon, which order commanded the defendants to appear in person and at their own expense to show cause why they should not be held in contempt for failing to comply with multiple court orders, including a Permanent Injunction, orders to appear at hearings and orders to provide discovery to Plaintiff Harris Research ("Harris Research"). Harris Research was represented at the hearing by Marty E. Moore and Shaun L Peck of Bearnson & Peck, LC. Defendant Smith appeared *pro se* at the hearing. Defendant Lydon did not appear.

## Findings of Fact

Regarding Defendant Lydon's obligations under the Order to Show Cause,[2] the court finds as follows:

1.	Defendant Lydon received timely personal service of the Order to Show Cause and was aware of the hearing.[3] Two days before the hearing, Defendant Lydon filed his *pro se* Motion to Continue[4] the hearing. The court denied the motion to continue.[5] Defendant Lyon was not excused from appearing at the show-cause hearing or the hearing on his Motion to Continue.

2.	Defendant Lydon has failed to demonstrate good cause for failing to appear at the show-cause hearing.

---

[1] Doc. 163, filed July 17, 2009.
[2] Doc. 163, filed July 17, 2009.
[3] Doc. 166, filed September 2, 2009.
[4] Doc. 168, filed September 9, 2009.
[5] Doc. 169, filed September 10, 2009.

3. Even though Defendant Lydon is a named defendant and subject to this court's Judgment[6] and Permanent Injunction,[7] Defendant Lydon has failed to meaningfully participate in any proceedings in this lawsuit in 2009. Before Defendant Lydon filed his Motion to Continue on September 9, 2009,[8] his last active participation in this litigation was a joint filing with Defendant Smith on a Motion for Extension of Time to Pay Deposit Share,[9] which was filed December 4, 2008. This motion was subsequently denied by the court for being untimely and because Defendants Smith and Lydon failed to make a deposit for payment of a special master pursuant to their own motion for appointment of a special master.[10]

4. In the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009,[11] this court noted that "Defendants Lydon and Smith have been previously found by this court to be in contempt of the Permanent Injunction."

5. In the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009,[12] this court found, "by clear and convincing evidence, that Defendants Lydon and Smith have intentionally avoided complying with orders this court has issued regarding Defendants' infringing activities and enforcement of the Permanent Injunction."

6. In the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009,[13] this court found that "[i]f the sanctions imposed in accordance with these Findings of

---

[6] Doc. 50, filed February 8, 2007.
[7] Doc. 56, filed March 20, 2007.
[8] Doc. 168, filed September 9, 2009.
[9] Doc. 122, filed December 4, 2008.
[10] Doc. 128, filed March 18, 2009.
[11] Doc. 142, Findings of Fact ¶ 13, filed May 22, 2009.
[12] Doc. 142, Findings of Fact ¶ 20, filed May 22, 2009.
[13] Doc. 142, Findings of Fact ¶ 30, filed May 22, 2009.

Fact and Conclusions of Law are insufficient to cause Defendants Lydon and Smith to cease their violations of the Permanent Injunction and comply in full with this court's orders, then it may be necessary to issue a bench warrant for the arrest of Defendants, with other orders to follow to ensure compliance with the court's orders.

7. In the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009,[14] this court found that "Harris Research has incurred significant attorneys' fees and costs since issuance of the Permanent Injunction as a result of Defendants Lydon's and Smith's refusal to fully and timely participate in this lawsuit and their contemptuous behavior after issuance of the Permanent Injunction."

8 In the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009,[15] this court recommended, among other things, that the district court enter an order that Defendants Lydon and Smith are in contempt of injunction and contempt of court for their repeated violations of the Permanent Injunction and orders of the court.

9. This court has exhausted all reasonable non-coercive remedies available to it to obtain Defendant Lydon's compliance with the court's orders.

10. Nothing short of coercive incarceration is likely to secure Defendant Lydon's compliance with the court's orders.

**RECOMMENDATION**

Based on the above findings the magistrate judge recommends that the district court enter an order that:

---

[14] Doc. 142, Findings of Fact ¶ 27, filed May 22, 2009.
[15] Doc. 142, Recommendations ¶¶ 1, 2, filed May 22, 2009.

1. Defendant Lydon is in contempt of injunction and contempt of court.

2. For his contemptuous acts, Defendant Lydon will be sanctioned by the court, including:

(i) issuance of a bench warrant ordering United States Marshals to arrest Defendant Jeffrey Lydon, whose last known address and phone number are 7140 Tamarack Drive, Dublin, CA 94568, 951-218-9177, and coercively incarcerate Defendant Lydon until he purges himself of the contempt by complying with the court's order contained in the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009 [16] and the Permanent Injunction;[17]

(ii) upon the arrest and coercive incarceration of Defendant Lydon, he be brought before the court for a further hearing to address his contempt of injunction and contempt of court;

(iii) entry of an order requiring Defendant Lydon to pay Harris Research a total monetary sanction of $20,000.00 for his contemptuous acts, which sum is a remedial sanction that should be reduced to a money judgment against Defendant Lydon and in favor of Harris Research. This sum includes the $10,000.00 amount recommended May 22, 2009 in the Memorandum Decision, Order, Report and Recommendation.[18]

(iv) entry of an order requiring Defendant Lydon, jointly and severally with Defendant Smith, to pay one-half of Harris Research's reasonable attorneys' fees and costs incurred since issuance of the Permanent Injunction on March 20, 2007, which sum is a remedial

---

[16] Doc. 142, filed May 22, 2009.
[17] Doc. 56, filed March 20, 2007.
[18] Doc. 142 at 19, filed May 22, 2009.

sanction that should be reduced to a money judgment against Defendant Lydon and in favor of Harris Research.

## NOTICE TO PARTIES

Within 10 days after being served with a copy of the magistrate judge's Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.[19]

Dated this 17th day of October, 2009.

By the Court:

David Nuffer
United States Magistrate Judge

---

[19] Rule 72(b), F.R.Civ.P.