# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC.,<br><br>          Plaintiff,<br>v.<br><br>RAY PERRINE, JEFF LYDON, LISA SMITH, and JOHN DOES I-X,<br><br>          Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION and IMPOSING SANCTIONS AGAINST DEFENDANT JEFF LYDON** |
| JEFF LYDON and LISA SMITH,<br><br>          Counterclaim Plaintiff,<br>v.<br><br>HARRIS RESEARCH, INC.,<br><br>          Counterclaim Defendant. | Case No. 1:05CV136 CW |

This case was originally assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate David Nuffer under 28 U.S.C. § 636(b)(1)(B). The case is now assigned to United States District Court Judge Clark Waddoups.

On October 17, 2009, Judge Nuffer issued a Report and Recommendation that recommended to Judge Waddoups that:

    (1)  Defendant Jeffery Lydon be found in contempt of injunction and contempt of court.

    (2)  That for his contemptuous acts, Mr. Lydon be sanctioned by the court, including:

        (i)  issuance of a bench warrant ordering United States Marshals to arrest Mr.

Lydon and coercively incarcerate him until he purges himself of the contempt by complying with the court's orders;

      (ii)  that upon the arrest and coercive incarceration of Mr. Lydon, he be brought before the court for a further hearing to address his contempt of injunction and contempt of court;

      (iii)  that an order be entered requiring Mr. Lydon to pay Harris Research a total monetary sanction of $20,000.00 for his contemptuous acts,

      (iv)  that an order be entered requiring Mr. Lydon, jointly and severally with Defendant Smith, to pay one-half of Harris Research's reasonable attorneys' fees and costs incurred since issuance of the Permanent Injunction on March 20, 2007.

The parties were given ten days after being served with a copy of the Report and Recommendation to file specific, written objections. Because the *pro se* Defendants are not on the court's electronic filing system, the court sent the Report and Recommendation to Mr. Lydon through the United States Postal Service and by email. It is clear to the court that Mr. Lydon received the Report and Recommendation, as he responded to the court's email containing it and asked questions about it. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Mr. Lydon had to file any objections to the Report and Recommendation by no later than October 30, 2009, but he filed no objections by that date.

The court is aware that the sanctions recommended by Judge Nuffer are severe. The court has therefore conducted a careful *de novo* review of the file, and has specifically considered whether less severe sanctions may be appropriate. From its review of the record, however, it is clear that nothing short of the remedies proposed by Judge Nuffer are adequate to ensure that Mr.

Lydon properly complies with the court's orders. Mr. Lydon has repeatedly flaunted the orders of this court, refused to be present at hearings, and otherwise shown that he will not comply unless he is literally forced to do so.

Accordingly, the court hereby APPROVES AND ADOPTS the Magistrate Judge's Report and Recommendation in its entirety. The court thus ORDERS as follows:

1. Defendant Jeffery Lydon is hereby found in contempt of injunction and contempt of court.

2. For his contemptuous acts, Jeffery Lydon is sanctioned by the court. These sanctions are as follows:

(i) a bench warrant shall issue ordering United States Marshals to arrest Jeffrey Lydon, whose last known address and phone number are 7140 Tamarack Drive, Dublin, CA 94568, 951-218-9177, and coercively incarcerate Mr. Lydon until he purges himself of the contempt by complying with the court's order contained in the Memorandum Decision, Order, Report and Recommendation dated May 22, 2009 (Dkt No. 142) and the Permanent Injunction (Dkt. No. 56).

(ii) upon the arrest and coercive incarceration of Jeffery Lydon, he shall be brought before the court for a further hearing to address his contempt of injunction and contempt of court;

(iii) Jeffery Lydon is hereby ORDERED to pay Harris Research a total monetary sanction of $20,000.00 for his contemptuous acts, which sum is a remedial sanction that should be reduced to a money judgment against Mr. Lydon and in favor of Harris Research. This sum includes the $10,000.00 amount recommended May 22, 2009 in the Memorandum Decision,

Order, Report and Recommendation (Dkt. No. 142 at 19).

(iv)  Jeffery Lydon is hereby ORDERED, jointly and severally with Defendant Smith, to pay one-half of Harris Research's reasonable attorneys' fees and costs incurred since issuance of the Permanent Injunction on March 20, 2007, which sum is a remedial sanction that should be reduced to a money judgment against Mr. Lydon and in favor of Harris Research.

DATED this 10th day of November, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge