IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES I - X, <br><br> Defendants. <br><br> JEFF LYDON, LISA SMITH, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> HARRIS RESEARCH, INC., <br><br> Counterclaim Defendant. | **REPORT and RECOMMENDATION REGARDING ATTORNEY'S FEES** <br><br> Civil No. 1:05-CV-136 CW <br><br> District Judge: Clark Waddoups <br><br> Magistrate Judge: David Nuffer |

This case has been before the magistrate judge many times and most recently the magistrate judge has received and reviewed claims for attorney's fees from Plaintiff;[1] an objection from Defendant Smith;[2] and a response thereto from Plaintiff.[3]

---

[1] Supplemental Affidavit of Marty E. Moore Regarding Harris Research's Post-Injunction Attorneys' Fees and Costs through September 30, 2009 (Moore Affidavit), docket no. 195, filed October 6, 2009. Plaintiff previously filed a similar, but less complete claim for attorney's fees. Affidavit of Marty E. Moore Regarding Harris Research's Post-Injunction Attorneys Fees and Costs, docket no. 135, filed May 7, 2009. While Defendants were ordered to submit any objections within 14 days of an order entered May 22, 2009, they did not do so. Memorandum Decision, Order, Report and Recommendation, docket no. 142, filed May 22, 2009. Defendant Lydon was permitted an additional opportunity to object to claims for fees but did not do so. Notice of Claim for Attorney's Fees, docket no. 178, filed

1

The basis for an award of attorneys fees is the finding of the magistrate judge that "Harris Research has incurred significant attorneys' fees and costs since issuance of the Permanent Injunction as a result of Defendants Lydon's and Smith's refusal to fully and timely participate in this lawsuit and their contemptuous behavior after issuance of the Permanent Injunction."[4] The record of Defendants' obstructive behavior is clear and extensive.[5] The award of attorney's fees is recommended in aid of the court's contempt power and under 28 U.S.C. § 1927 which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The fees and expenses awarded are only those incurred after the entry of the injunction[6] in this case.

---

September 12, 2009. The current submission from Plaintiff and objection from Defendant Smith were submitted in response to the order docket no. 194, filed October 5, 2009.

[2] Defendant Lisa Smith's Response and Objections to Plaintiff Harris Research Inc.'s: Notice of Filing (re: Post-Injunction Attorney fees) and Supplemental Affidavit of Marty E. Moore Regarding Harris Research Inc.'s Post-Injunction Attorneys' Fees and Costs Through September 30, 2009 (Smith Objections), docket no. 206, filed October 27, 2009.

[3] Plaintiff Harris Research Inc.'s Response to Defendant Lisa Smith's Response and Objections to Plaintiff Harris Research Inc.'s: Notice of Filing (re: Post-Injunction Attorney fees) and Supplemental Affidavit of Marty E. Moore Regarding Harris Research Inc.'s Post- Injunction Attorneys' Fees and Costs Through September 30, 2009 (Plaintiff's Response), docket no. 210, filed October 29, 2009.

[4] Memorandum Decision, Order, Report and Recommendation at 14.

[5] *Id.* at 6-7 and 14.

[6] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

# Findings of Fact

Plaintiff claims a total of $53,754.83[7] Attorneys Fees itemized as follows:

| | |
|---|---|
| Attorneys Time: | $46,376.25 for 248.8 hours |
| Paralegal Time: | $601.25 for 9.25 hours |
| Costs (expenses): | $6,777.33 for expenses |
| TOTAL | $53,754.83 |

The claim is supported by an affidavit from a lead attorney with attached detail sheets.[8]

Defendant Smith made specific objection to several of the time entries on the detail sheets totaling $2,471.07, and Plaintiff responded that only $506.32 in reductions were appropriate. After consideration of the fee items in dispute, the magistrate judge makes the reductions in the amount of $1,784.82 from the fees and expenses claimed by Plaintiff.

| Items Disputed by Smith | | | Reductions by Court | |
|---|---|---|---|---|
| Page no. | Item | Amount | Percent Reduced | Reduction Allowed |
| Matter History Report (Hist. Rpt.) 1 | Ticket # 9 | $ 80.00 | 100% | $ 80.00 |
| Hist. Rpt. 2 | Ticket # 32 | 112.50 | 100% | 112.50 |
| Hist. Rpt. 2 | Ticket # 29 | 337.50 | 100% | 337.50 |
| Hist. Rpt. 4 | Ticket # 43 | 18.50 | 100% | 18.50 |
| Hist. Rpt. 4 | Ticket # 44 | 56.25 | 100% | 56.25 |
| Hist. Rpt. 4 | Ticket # 50 | 562.50 | 50% | 281.25 |
| Hist. Rpt. 6 | Ticket # 63 | 67.50 | 100% | 67.50 |
| Hist. Rpt. 6 | Ticket # 68 | 225.00 | 50% | 112.50 |
| Hist. Rpt. 8 | Ticket # 94 | 67.50 | 100% | 67.50 |
| Hist. Rpt. 9 | Ticket # 1 | 247.50 | 0% | 0.00 |
| Client Ledger 1 | Entry # 211454 | 367.50 | 100% | 367.50 |
| Client Ledger 2 | Entry # 211550 | 227.50 | 100% | 227.50 |
| Client Ledger 4 | Entry # 244621 | 28.16 | 100% | 28.16 |
| Client Ledger 4 | Entry # 244622 | 28.16 | 100% | 28.16 |
| **TOTAL** | | **$2,426.07** | | **$1,784.82** |

---

[7] Moore Affidavit at 4. Plaintiff's Response contains a typographical error when asserting that the total claim it made for fees is $5<u>5</u>,754.83. Plaintiffs Response at 2. The amount claimed is $53,754.83. Therefore the calculations in Plaintiff's Response which are based on that mis-statement of the original claim amount are all off by $2,000.00.

[8] Moore Affidavit.

The magistrate judge will allow all of Smith's objections except three. These three are discussed in turn.

### Smith's Objection to Ticket # 50, History Report 4

Smith objected to Ticket #50 because it refers to a Ken Harris:

> This charge is for "Review fax received from Ken Harris. Telephone conference with D. Jensen regarding the same. Revise and draft motion for sanctions." The case against Ken Harris was split from the Smith/Lydon case. Defendant Smith requests a copy of the fax referred to in this charge to ascertain that the charges are in any way related to Defendants Smith/Lydon. Therefore Defendant Smith objects to this charge.[9]

Plaintiff responded:

> As of the fall of 2008, there were no other defendants left in this lawsuit. This charge relates to work performed on *Plaintiff Harris Research's Second Motion for Order to Show Cause and for Determination of Willful Infringement*; Ken Harris is a former defendant in this lawsuit who provided Harris Research with information about Defendants Smith's and Lydon's ongoing infringement of Harris Research patents.[10]

Based on these submissions, the court reduced the time entry in half. The relevance of Ken Harris is not clear, but the time entry clearly refers to work in August 2008 when no other defendants were in the case.

### Smith's Objection to Ticket # 68, History Report 6

Smith objected to Ticket # 68 because it references persons not involved in this case.

> This charge is for "Review order regarding records release and work on Special Master nomination issues, etc. Letter to Joe Bristor and Zipper glides regarding cease and desist". Defendant Smith objects to this charge because Joe Bristor and/or Zipper glides are in no way related to this case. Defendant Smith requests a copy of the letters referred to in order to ascertain if, in fact they are related to this case.[11]

---

[9] Smith Objections at 3.
[10] Plaintiff's Response at 4- 5 (footnote omitted).
[11] Smith Objections at 3.

Harris responded that this work "primarily" pertained to appointment of a special master and that part of the entry was mis-coded to this case.

> This charge primarily relates to work performed regarding Defendants Smith's and Lydon's request for appointment of a special master in this lawsuit.[12]

> This charge is for work performed for Harris Research, but apparently on another matter and was entered in this matter by mistake. (Matter numbers in Bearnson & Peck, LC's billing system can vary by just one digit.) Undersigned counsel apologizes for the error.[13]

Because Plaintiff could not entirely support this claim, it is reduced in half.

**Smith's Objection to Ticket # 1, History Report 9**

Smith objected to this charge because she did not recall having the referenced telephone conversation.

> This charge is for "Telephone conference with Lisa Smith; hearing preparation". Defendant Smith does not recall having a telephone conference with Mr. Moore on 07/08/2009 and therefore Defendant Smith objects to this charge.[14]

However, Plaintiff supported the claim.

> In addition to preparing for the supplemental proceedings hearing held July 10, 2009 (at which Defendant Smith did not appear), undersigned counsel returned a telephone call and spoke with Defendant Smith on July 8, 2009 and made contemporaneous notes of that conversation. Those notes are attached hereto as Exhibit "C," which undersigned counsel certifies to be a true and correct copy of notes typed immediately after the termination of the telephone conversation between Defendant Smith and the undersigned.[15]

Therefore, Smith's objection to this amount is entirely overruled.

In summary, the total reduction made is $1,784.82. Deducting this amount from Plaintiffs claim of $53,754.83 results in a sum of $51,970.01.

---

[12] Plaintiff's Response at 5.
[13] *Id.* at 3.
[14] Smith Objections at 4.
[15] Plaintiff's Response at 5.

## RECOMMENDATION

Based on the above findings the magistrate judge recommends that the district court enter a judgment in favor of Plaintiff and against Defendants Lydon and Smith, jointly and severally, in the amount of $51,970.01.

## NOTICE TO PARTIES

Within 14 days after being served with a copy of the magistrate judge's Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 14days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.[16] Failure to object may preclude further relief on appeal.

Dated this 12th day of December, 2009.

By the Court:

David Nuffer
United States Magistrate Judge

---

[16] Fed. R. Civ. P. Rule 72(b).