**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **HARRIS RESEARCH, INC.,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **RAY PERRINE, JEFF LYDON, LISA SMITH, and JOHN DOES I-X,** | |
| **Defendants.** | **Case No. 1:05CV136 CW** |
| **JEFF LYDON and LISA SMITH,** | |
| **Counterclaim Plaintiff,** | |
| v. | |
| **HARRIS RESEARCH, INC.,** | |
| **Counterclaim Defendant.** | |

Now before the court are two Reports and Recommendations issued by Magistrate Judge David Nuffer: one entered on May 22, 2009 and the other on December 12, 2009 (Docket Nos. 142 and 224).

**I.      May 2, 2009 R & R**

The May 22, 2009 R & R sets out a factual basis for finding Defendants Jeff Lydon and Lisa Smith in contempt of the court's injunction against them in this case, as well as in contempt of court for various other reasons.  Neither Mr. Lydon nor Ms. Smith has made any timely or meritorious objections to those findings.  The R & R also recommends that the court issue an

order finding that Mr. Lydon and Ms. Smith are in contempt of the court for violating the injunction and other orders and that Mr. Lydon and Ms. Smith are willfully infringing Plaintiff's patents.  Finally, the R & R recommends imposing several sanctions against Mr. Lydon and Ms. Smith for their contempt.  These sanctions include ordering them to pay Plaintiff's attorney's fees jointly and severally, a monetary sanction of $10,000 each, and a warning that they could be arrested if they continue to fail to appear or participate.

In a subsequent R & R issued on October 17, 2009 (Dkt. No. 199), Judge Nuffer relied in part on his May 22, 2009 R & R's findings of contempt as well as subsequent behavior by Mr. Lydon and recommended a revised set of sanctions against him.  On November 10, 2009, this court issued an Order adopting the October 17, 2009 R & R and imposing the sanctions recommended in it (*See* Dkt. No. 218).  One of the sanctions imposed in the November 10, 2009 order was for Mr. Lydon to pay one-half of Plaintiff's attorney's fees related to the post-injunction proceedings jointly and severally with Ms. Smith.

Because Mr. Lydon and Ms. Smith did not have any timely or meritorious objections to the factual findings in the May 22, 2009 R & R, and because they are correct in every material respect, the court APPROVES and ADOPTS those findings.  The court further agrees that an order should issue finding these Defendants in contempt and that they are willfully infringing Plaintiff's patents.

As far as the sanctions recommended in the May 22, 2009 R & R, however, the court believes that subsequent events have altered the analysis.  As for Ms. Smith, since that R & R was issued, she has made attempts to appear before the court and to participate in the

proceedings. Accordingly, the $10,000 sanction against her does not appear to be necessary any longer. On the other hand, Ms. Smith's payment of Plaintiff's post-injunction attorney's fees continues to be appropriate. Because the court has ordered Mr. Lydon to pay half of those attorney's fees, the court believes that this order is also appropriate for Ms. Smith.

As for Mr. Lydon, the court has already imposed sanctions against him that are more severe than those suggested in the May 22, 2009 R & R, including issuing a bench warrant for his arrest and awarding a $20,000 sanction against him. The sanctions recommended in the May 22, 2009 R & R against Mr. Lydon are therefore moot.

## II.     December 12, 2009 R & R

As mentioned, one of the sanctions already ordered by the court is for Mr. Lydon to pay one-half of Plaintiff's attorney's fees incurred after the injunction in this case jointly and severally with Ms. Smith. Plaintiff made a submission of such fees from the time of the injunction to September 30, 2009 and Ms. Smith responded to that submission. The December 12, 2009 R & R reviews Plaintiff's submission and Ms. Smith's response and concludes that the amount of attorney's fees for the relevant time period is $51,970.01. The R & R then recommends that the district court enter a judgment against Mr. Lydon and Ms. Smith, jointly and severally, in that amount. The R & R closes by notifying the parties that failure to object within 14 days may preclude an appeal. None of the parties have objected to this R & R.

Accordingly, the court APPROVES and ADOPTS the factual findings of the December 12, 2009 R & R. However, because the court only ordered Mr. Lydon to pay one-half of the attorney's fees jointly and severally with Ms. Smith, the court will order the same for Ms. Smith.

## CONCLUSION AND ORDER

Based on the foregoing, the court finds and orders as follows:

1.      The court APPROVES and ADOPTS the factual findings in the R & Rs issued on May 22, 2009 and December 12, 2009.

2.      Mr. Lydon and Ms. Smith are in contempt of injunction for their repeated violations of the Permanent Injunction issued by this court.

3.      Mr. Lydon and Ms. Smith are in contempt of court for their repeated violations of this court's orders other than the Permanent Injunction.

4.      Mr. Lydon and Ms. Smith have willfully infringed Plaintif's '577 and '892 Patents and are subject to enhanced damages for willful infringement under 35 U.S.C. § 284 and 35 U.S.C. § 285.

5.      For Mr. Lydon and Ms. Smith's contemptuous acts, the court ORDERS the following sanctions against them;

(i)      Ms. Smith is required to pay, jointly and severally with Mr. Lydon, one-half of Plaintiff's attorneys' fees and costs incurred since entry of the Permanent Injunction to September 30, 2009.

(ii.)      The Clerk of Court is directed to reduce the attorney's fee awards against Mr. Lydon and Ms. Smith and in favor of Plaintiff to two money judgments, one against Mr. Lydon (jointly and severally against Ms. Smith) and one against Ms. Smith (jointly and severally against Mr. Lydon) in the amount of $25,985.00 each.

(iii)    The Clerk of Court is directed to reduce the $20,000 sanction award

against Mr. Lydon in favor of Plaintiff (found in this court's November 10,

2009 Order) to a judgment.

DATED this 15th day of March, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge