IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| HARRIS RESEARCH, INC., | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF HARRIS RESEARCH'S MOTION TO ADD MICHAEL WEBER AS PARTY DEFENDANT** |
|---|---|
| Plaintiff, | |
| v. | |
| RAY PERRINE; JEFF LYDON; LISA SMITH; and JOHN DOES 1 - X, | Case No. 1:05-cv-00136-CW<br>District Judge Clark Waddoups |
| Defendants. | Magistrate Judge David Nuffer |

The case is referred[1] to the Magistrate Judge under 28 USC 636 (b)(1)(B). Plaintiff's Motion to Add Michael Weber as Party Defendant[2] is granted as provided herein.

BACKGROUND

In November 2005, Plaintiff Harris Research (Harris) filed a complaint alleging patent infringement relating to fabric cleaning technology.[3] Among other defendants, Harris asked for relief against Jeff Lydon and Lisa Smith,[4] who operated a business known as GreenGlides.[5] The court granted summary judgment against Lydon and Smith, finding that GreenGlides products infringed Harris' patents.[6] A permanent injunction was also issued against Lydon and Smith, ordering that Defendants no longer infringe on Plaintiff's patents.[7]

---

[1] Order of Reference, docket no. 104, filed May 12, 2008.

[2] Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant (Motion to Add Weber), docket no. 227, filed December 15, 2009.

[3] Complaint and Jury Demand (Complaint), docket no. 1, filed November 3, 2005.

[4] *Id.* at 2, 4–5.

[5] *See* Order [Granting Summary Judgment] at 2–3, docket no. 48, filed February 8, 2007.

[6] *Id.*

[7] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

In 2009, after many other motions were filed by both sides, Harris petitioned to join Michael Weber, who acquired a significant property interest in GreenGlides,[8] as a defendant.[9] Defendant Smith responded,[10] and Harris then filed a reply,[11] which introduced new arguments for relief under Federal Rule of Civil Procedure 19.[12] Smith was given the opportunity to file a sur-reply to address these new arguments,[13] and she filed the sur-reply on March 1, 2010.[14]

ANALYSIS

Federal Rule of Civil Procedure 20 provides that additional defendants may be added if any right to relief is asserted against them.[15] Federal Rule of Civil Procedure 19 further adds that some parties *must* be joined, as long as such joinder will not deprive the court of jurisdiction.[16] These required parties are those who must be added in order for the court to accord complete relief among existing parties.[17] Because Michael Weber now owns a portion of GreenGlides,[18] and because GreenGlides continues to infringe on Harris' patents,[19] adding Weber as a party is

---

[8] Memorandum Decision and Order at 6, docket no. 200, filed October 17, 2009.

[9] Motion to Add Weber.

[10] Defendant Lisa Smith's Response Tp [sic] Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant, docket no. 234, filed January 26, 2010.

[11] Plaintiff Harris Research's Reply to Defendant Lisa Smith's Response to Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant (Reply), docket no. 236, filed February 9, 2010.

[12] *Id.* at 2–3.

[13] Docket Text Order [Allowing Sur-Reply], docket no. 238, filed February 16, 2010.

[14] Defendant Lisa Smith's Sur-Reply to Plaintiff Harris Research's Reply to Defendant Lisa Smith's Response to Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant (Sur-Reply), docket no. 242, filed March 1, 2010.

[15] "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence . . . ." Fed. R. Civ. P. 20(a)(2).

[16] "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties. . . ." Fed R. Civ. P. 19(a)(1).

[17] *Id.*

[18] Memorandum Decision and Order at 6.

[19] *Id.* at 7.

necessary in order for Harris to obtain full relief or to give Weber the opportunity to defend himself against the injunction.

Parties may be joined under Rule 19 after final judgment has been entered, as long as this will not deprive the court of jurisdiction,[20] and the newly joined party is not unduly prejudiced by being brought in as a defendant.[21] In this case, jurisdiction is not affected by the proposed joinder. Indeed, this court has already determined that "Michael Weber's interest in GreenGildes and participation in the business makes him subject to the jurisdiction of this court."[22]

Neither is Michael Weber unduly prejudiced by this decision. He acquired his proprietary interest after the judgment was entered, from an existing defendant,[23] and knew or should have known of the injunction. As this court has already determined, "Michael Weber should be added as a party defendant to this lawsuit without dismissal of Defendant Smith or Lydon, because the interest of each in the business continues . . . ."[24]

---

[20] *See* Fed. R. Civ. P. 19(a)(1).

[21] *Crude Co. v. U.S. Department of Energy*, 189 F.R.D. 1, 2 (D. D.C. 1999) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

[22] Memorandum Decision and Order at 7.

[23] *Id.* at 6.

[24] *Id.* at 7.

ORDER

Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant[25] is hereby GRANTED. Plaintiff Harris Research shall serve him with a copy of this order and with a motion to determine which adjudications in this case shall bind him. That motion will provide him with an opportunity to be heard as to which provisions of the injunction and monetary awards operate against him.

Dated July 19, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[25] Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant (Motion to Add Weber), docket no. 227, filed December 15, 2009.