IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAY PERRINE; JEFF LYDON; LISA SMITH; MICHAEL WEBER; and JOHN DOES 1 - X,<br><br>Defendants. | **MEMORANDUM DECISION AND REPORT AND RECOMMENDATION TO DENY MOTION TO OVERTURN SUMMARY JUDGMENT**<br><br>Case No. 1:05-cv-00136-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

The case is referred[1] to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). The undersigned was directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented. The case is before the magistrate judge on the motion of Defendants Lisa Smith and Michael Weber to overturn the summary judgment, declare Plaintiff's patents invalid, and stay or lift the injunction.[2]

## REPORT

### Background

In November 2005, Plaintiff Harris Research (Harris) filed a complaint alleging patent infringement relating to fabric cleaning technology.[3] Harris asked for relief against Jeff Lydon and Lisa Smith,[4] who operated a business known as GreenGlides.[5] The court granted summary

---

[1] Order of Reference, docket no. 104, filed May 12, 2008.

[2] Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Stay or Lifting of the Injunction (Motion to Overturn), docket no. 289, filed November 10, 2010.

[3] Complaint and Jury Demand (Complaint), docket no. 1, filed November 3, 2005.

[4] *Id.* at 2, 4–5.

[5] *See* Order [Granting Summary Judgment] at 2–3, docket no. 48, filed February 8, 2007.

judgment against Lydon and Smith, finding that GreenGlides products infringed Harris' patents.[6] In March 2007, a Permanent Injunction was also issued against Lydon and Smith, ordering that Defendants no longer infringe on Plaintiff's patents.[7] On November 10, 2010 defendants Michael Weber (who has been added as a party to the lawsuit[8] because he purchased part of the business after judgment was entered) and Lisa Smith filed a motion to overturn the summary judgment, to rule patents 6,298,577 and 6,266,892 invalid, and to lift or stay the imposed injunction.[9] In response, Harris filed a memorandum in opposition.[10]

At a hearing November 15, 2010, the magistrate judge asked if any party was aware of any citations by Smith and Weber of the legal authority of this court to re-open and review the Orders Granting Summary Judgment and Permanent Injunction. Smith and Weber said they had not cited any such authority and Plaintiff's counsel agreed. The magistrate judge granted Smith and Weber time to file a supplemental memorandum.[11]

### Defendants' Arguments

Defendants Weber and Smith claim that the court has authority to overturn the judgment and injunction at this time, nearly three years since they were entered, for two reasons: (1) "[A]s applied to Rule 60(b)(1,6) [sic], the judgment and permanent injunction were granted basically

---

[6] *Id.*

[7] Findings of Fact, Conclusions of Law and Order Granting Permanent Injunction, docket no. 56, filed March 20, 2007.

[8] Memorandum Decision and Order Granting Plaintiff Harris Research's Motion to Add Michael Weber as Party Defendant, docket no. 258, filed July 19, 2010; Report and Recommendation for Order Binding Michael Weber as Party Defendant, docket no. 295, filed December 7, 2010.

[9] Motion to Overturn at 1.

[10] Plaintiff Harris Research's Memorandum in Opposition to Defendants Smith's and Weber's: 1) Motion to Overturn Summary Judgment; 2) Motion to Rule Asserted Patents Invalid & Unenforceable; and 3) Motion for Stay or Lifting of the Injunction (Memorandum in Opposition) at 6, docket no. 300, filed December 14, 2010.

[11] Order Granting Defendants Additional Time to File Supplemental Memorandum, docket no. 297, filed December 13, 2010.

by default;[12] and (2)"[A]s applicable under FRCP 60(d), relief to reopen proceedings is merited under 28 U.S.C. §1655 because defendant Michael Weber was not a party at the time of the judgment, and so not personally notified of the action."[13]

Plaintiff Harris responds that any relief under Fed. R. Civ. P. 60(b)(1)-(3) is time barred;[14] and Rule 60(d) is inapplicable as there is no basis for relief under 28 U.S.C. § 1655.[15]

DISCUSSION

The relief sought by the defendants under the Rule 60(b) of the Federal Rules of Civil Procedure is subject to time limitations stated in the Rule 60(c)(1). Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[16] Rule 60(c)(1) would require the defendants to have filed their motion for the relief under 60(b)(1), (2) or (3) before February 8, 2008. Two years ago the magistrate judge rejected a motion under Rule 60(b)(1)-(3) as time barred,[17] and at that time Defendants made "no allegations that justify relief under Fed. R. Civ. P. 60(b)(4)-(6)."[18] Back then, the magistrate judge stated that the Defendants former motion "was not filed within a reasonable time from the entry of judgment or the injunction" and that "[t]here is no stated justification for Defendants' delay until March 2008

---

[12] Defendants Michael Weber and Lisa Smith's Supplemental Memorandum (Defendants' Supplemental Memorandum) at 2, docket 299, filed December 13, 2010.

[13] *Id.* at 3.

[14] Memorandum in Opposition at 3.

[15] *Id.* at 5.

[16] Fed. R. Civ. P 60(c)(1).

[17] Memorandum Decision and Order and Report and Recommendation at 10, docket no.112, filed October 10, 2008.

[18] *Id.*

to make their first attempt to address the merits of the case."[19] Certainly now, over two years since the prior Rule 60 motion was filed, this current motion is far too late.

Defendants also fail to show a right to relief under Rule 60(d).[20] The first provision of that rule alleged by Defendants to apply is subsection (2) which allows relief "under 28 U.S.C. § 1655."[21] That statute reads:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.
> Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

Defendants claim this statute applies because "Defendant Michael Weber was not a party at the time of the judgment, and so not personally notified of the action."[22] However, this is not a case dealing with real property, so the statute has no application.

---

[19] *Id.* at 10-11.

[20] This rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
    (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
    (3) set aside a judgment for fraud on the court.
Fed. R. Civ. P. 60(d).

[21] Fed R. Civ. P. 60(d)(2).

[22] Defendants' Supplemental Memorandum at 3.

Defendants also claim relief because "of unethical conduct: that the Plaintiff knew of prior art cited in the rejection of the Canadian patent claims, yet still asserted those same invalid claims against multiple Defendants in multiple lawsuits."[23] They suggest this could be fraud on the court but cite no authority for that proposition.

There is no legal authority for the court to overturn the summary judgment, and reopen the final orders entered by this court.

## RECOMMENDATION

For the reasons stated above IT IS HEREBY RECOMMENDED that Defendants Michael Weber and Lisa Smith's Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Stay or Lifting of the Injunction[24] be DENIED.

### Notice to the Parties

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the

---

[23] Defendant Michael Weber and Lisa Smith's Reply to Plaintiff Harris Research's Memorandum in Opposition to Motion (Defendants' Reply) at 2, docket 311, filed December 29, 2010.

[24] Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Stay or Lifting of the Injunction, docket no. 289, filed November 10, 2010.

5

matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

    Dated March 21, 2011.

                                      BY THE COURT:

                                      _____
                                      David Nuffer
                                      U.S. Magistrate Judge