IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF LYDON, LISA SMITH, and<br>MICHAEL WEBER,<br><br>    Defendants. | **ORDER**<br><br>Case No. 1:05-CV-136<br><br>Judge Clark Waddoups |

  Before the court are various reports and recommendations by the Magistrate Judge, which have been objected to by Defendants. The district court's review of the Magistrate Judge's proposed findings and recommendations is de novo pursuant to 28 U.S.C. § 636(b)(1)(B).

**I. The Magistrate Judge's Memorandum Decision, Order, Report and Recommendation and Certification Regarding Contempt**[1]

  Pursuant to § 636(e)(6)(B)(iii), the Magistrate Judge has certified the facts to this court. Defendant Lisa Smith is hereby ordered to appear before the court on May 19, 2011 at 2:00 p.m. "to show cause why she should not be adjudged in contempt by reason of the facts so certified." In addition, having reviewed de novo the Magistrate Judge's order in aid of the permanent injunction, the court adopts the findings of fact and the recommended order.

---

[1] (Dkt. No. 294.)

1

## II. The Magistrate Judge's Report and Recommendation for Order to Bind Michael Weber as a Defendant[2]

Having reviewed de novo whether Michael Weber should be bound as a defendant, the court adopts the Magistrate Judge's report and recommendation in its entirety, including the accompanying admonition.

## III. The Magistrate Judge's Report and Recommendation Regarding the Motion to Overturn Summary Judgment[3]

The court has also reviewed de novo Defendants' Motion to Overturn Summary Judgment & Motion to Rule Asserted Patents Invalid & Unenforceable & Motion for Stay or Lifting of the Injunction. The only argument upon which Defendants can base their claim to avoid the time barring provisions of Rule 60(c)(1) is under Rule 60(b)(6), which provides relief from a final judgment for "any other reason that justifies relief." Defendants argue that their financial status, inability to acquire counsel, and lack of legal knowledge provide adequate reason to provide relief. The court rejects this contention. As explained by the Magistrate Judge, Defendants' Rule 60(b)(6) motion, although not necessarily barred under Rule 60(c), is still very, very late. Even pro se litigants have a responsibility to see that the litigation is done in the most efficient and timely manner as possible. No allegation, evidence, or case law before the court suggests that the proffered reasons should extend the opposing party to such indefinite uncertainty. Furthermore, the court will not reward Defendants for actions that indicate a willingness to delay and otherwise avoid the orders of the court.

Defendants also fail in their claim for relief under Rule 60(d) and all other claims as stated by the Magistrate Judge. The court adopts the Magistrate Judge's report and recommendation in its entirety.

---

[2] (Dkt. No. 295.)
[3] (Dkt. No. 324.)

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge in his respective reports and recommendations, this court adopts all of his conclusions. The court hereby vacates any deadlines set by the Magistrate Judge in his reports and recommendations, and orders Defendants to comply no later than two week from the date of this order. Defendants' Motion to Overturn Summary Judgment is DENIED.

DATED this 26th day of April, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge