IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC., <br><br>       Plaintiff, <br>v. <br><br>RAY PERRINE, JEFF LYDON, LISA SMITH, and JOHN DOES I-X, <br><br>       Defendants. <br><br>JEFF LYDON and LISA SMITH, <br><br>       Counterclaim Plaintiff, <br>v. <br><br>HARRIS RESEARCH, INC., <br><br>       Counterclaim Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br>Case No. 1:05CV136 CW |

      Now before the court is the Request of Michael Weber that the court reconsider the court's Order [Dkt No. 385] dated September 13, 2011, denying Mr. Weber's motion to dissolve Mr. Weber as a party to the Permanent Injunction [Dkt No. 56] entered in this case.  Mr. Weber argues that the court based the ruling on his failure to articulate which rules had been violated by the court's order.  The abbreviated nature of the order does merit further consideration by the court.  Upon reconsideration, however, the court affirms its prior order.

      In support of his motion to dissolve Mr. Weber as a party to the Permanent Injunction, Mr. Weber argues that the court erred because it did not preserve his right to a jury trial, which

he argues is required by Federal Rule of Civil Procedure 65(a)(2).  Mr. Weber fails to recognize that under Rule 19 a person may be joined after final judgment when the person has acquired an interest in the subject matter of the injunction.  *Crude Co. v. U.S. Dep't of Energy,* 189 F.R.D. 1, 2 (D.D.C. 1999).  In that case, the court stated:

> In certain limited circumstances non-parties may be joined to an action after judgment has been entered. Rules 19(a) and 21 of the Federal Rules of Civil Procedure contemplate post-judgment joinder so long as certain threshold requirements are met.  These requirements are that joinder will not unduly prejudice the opposing party, and that the court's jurisdiction will not be adversely affected. In assessing any undue prejudice, courts focus on whether the moving party delayed unduly in seeking the joinder of an additional party or parties.

189 F.R.D. at 2. (citations omitted).  This authority was cited in the Report and Recommendation [Dkt No. 258] recommending that the court add Mr. Weber as a party to the Permanent Injunction.  In the Recommendation, which the court adopted, the Magistrate Judge found that all of the requirements were met to add Mr. Weber as a party.  In particular, the Magistrate Judge found that Mr. Weber "acquired his proprietary interest after the judgment was entered, from an existing defendant and knew or should have known of the injunction."  Mr. Weber does not challenge this finding.

Moreover, an injunction is not the form of relief which entitles a party to a jury trial.  By their nature, injunctions are a form of equitable relief for which a jury trial is not available.  As a result, Mr. Weber's claim that he was denied a jury trial is without merit.

Mr. Weber further argues that the order adding him as a party to the Permanent Injunction failed to comply with Local Rule DUCivR 3-5.  The rule deals with the content of the complaint. It does not have any application to Mr. Weber's joinder.  Mr. Weber further argues that the court

lacks personal jurisdiction over him, apparently because no complaint was filed against him.  Mr. Weber fails to recognize, however, that he was joined as an additional party to the Permanent Injunction because he acted to acquire an interest in the property that is the subject matter of the injunction.  His joinder is to provide him clear notice that he may not engage in conduct prohibited by the Permanent Injunction and make him subject to the Permanent Injunction should he act contrary to its prohibitions.  Mr. Weber does not dispute that he has acquired such an interest.  Because of these fact, Mr. Weber's argument that he is not subject to the jurisdiction of the court is without merit.

     Finally, Mr. Weber argues that his joinder to the Permanent Injunction is in error because the court did not keep the docket as required by Federal Rule of Civil Procedure 79(1).  Mr. Weber argues that certain docket numbers are used for the court only and that the use of such entries precludes him from determining if he was "prejudiced, surprised, or hampered in his defense."  Mr. Weber, however, fails to cite to any supposed "hidden" docket entries that he claims has prejudiced him or any *ex parte* proceedings involving him or actions taken against him.  Nevertheless, the court has reviewed each docket entry from the Motion to Add Mr. Weber as a Party [Dkt. No. 227] to the present date.  The entries Mr. Weber is apparently questioning involve notes of actions taken by the court staff.  None have any bearing on Mr. Weber's being joined as a party.  Should Mr. Weber wish to confirm the court's conclusion, he may review the complete docket at the court house, excepting only those entries that have been sealed because of confidential information that has no connection to Mr. Weber.

     For the reasons stated, the court has reconsidered the denial of Mr. Weber's motion to

3

dissolve him as a party to the Permanent Injunction, but reaffirms its prior order [Dkt No. 385] denying the motion to dissolve.

    DATED this 7th day of October, 2011.

                                      BY THE COURT:

                                      _____
                                      CLARK WADDOUPS
                                      United States District Judge